[No. 40288.    Department One.    March 13, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. PHILLIP EDWARD
GREENE, *Appellant.**

*Jack A. Richey,* for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *James B. Gorham,* for respondent.

WEAVER, J.—Defendant appeals from a judgment and sentence entered after the trial court had found him guilty of violating the Uniform Narcotic Drug Act, and a subsequent trial by jury had determined that he was an habitual criminal. Defendant was sentenced to life imprisonment, pursuant to RCW 9.92.090.

The principal thrust of defendant's appeal is that the trial court erred when it failed to suppress and admitted into evidence the narcotics found upon the person of defendant when he was searched at the time of his arrest. Defendant contends that his arrest was illegal because he

*Reported in 451 P.2d 926.

was taken into custody without a warrant and the alleged commission of the misdemeanor did not occur in the presence of the arresting officer.

August 28, 1967, at approximately 7 a.m., Mr. and Mrs. E. R. Warrick and a friend, Mr. Jack Howard, who lived in a residential neighborhood of Seattle, were preparing to leave for work in the Warrick automobile. Mr. Howard first saw defendant across the street inside the yard of a private home. Defendant "ducked down and up" three times, jumped a fence, approached Mr. Howard, and asked for a match. He then asked Mr. Warrick for a match and attempted to enter the car. When he was refused a ride, defendant made a gesture at the two men with his finger as though he were shooting a pistol. When Mr. Warrick started to leave the car, defendant ran between two houses, down an alley, vaulted a 6-foot fence, and was last seen running through a flower bed.

Defendant wore sunglasses, a short-sleeved shirt, and was dirty and barefoot.

A Seattle officer responded to Mrs. Warrick's telephone call to the police. After a 15-or-20 minute search of the neighborhood, the officer observed defendant appear from behind a large shrub and come into the street. He "ran like a deer," waving his arms and screaming continuously. He vaulted another fence, crossed private property, and collapsed when he reached an alley. As the officer approached, defendant said he had been shot three times in his right leg. When the officer started to handcuff him, defendant claimed his arm was broken. There was no evidence of gunshot wounds or of a broken arm. Defendant then hit the officer on the side of the head and made an unsuccessful attempt to grab his gun. Defendant was held at gunpoint until further assistance arrived. Narcotics were found on defendant's person when he was searched.

The officer testified that he took defendant into custody for disturbing the peace and resisting arrest. The trial judge found, and his finding is amply sustained by the evidence, that the search by the officer "was made incident

to a lawful arrest for either disturbing the peace, trespass, or assault in the third degree."

■ The evidence does not support defendant's contention that he was arrested for a misdemeanor committed out of the presence of the arresting officer. In view of defendant's bizarre conduct, the officer would have been remiss had he not taken defendant into custody before harm occurred in this residential neighborhood. It is elemental that an officer, without a warrant, may arrest "a person who commits a misdemeanor in his presence, and upon making the arrest, may search the person and his immediate environs *for evidence of the crime or tools which would aid in the arrested person's* escape." *State v. Michaels,* 60 Wn.2d 638, 642, 374 P.2d 989 (1962); *State v. Wilson,* 70 Wn.2d 638, 641, 424 P.2d 650 (1967). There is nothing to indicate that the officer's search of defendant was unreasonable. *State v. Montague,* 73 Wn.2d 381, 438 P.2d 571 (1968).

■ Further, property seized incident to a lawful arrest may be used in the prosecution of a suspected person for a crime other than the one for which he was arrested. *State ex rel. Fong v. Superior Court,* 29 Wn.2d 601, 609, 188 P.2d 125 (1948), and cases cited; *State v. Montague, supra.*

■ Finally, we find no merit in defendant's attack upon the habitual criminal statute (RCW 9.92.090) set forth in his pro se argument attached to the brief of appellate counsel. *State v. Bryant,* 73 Wn.2d 168, 437 P.2d 398 (1968), is dispositive of the argument advanced. RCW 9.92.090 does not create a crime; it merely prescribes an increased punishment for repetitious violators. The proceeding is cumulative; it is still a part of the original felony case.

The judgment is affirmed.

HUNTER, C. J., HAMILTON and McGOVERN, JJ., and JOHNSEN, J. Pro Tem., concur.