[No. 40738.    En Banc.    May 28, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES PAUL
HENNEKE, *Appellant*.*

*Henry P. Opendack* and *H. John Aitken* (of *Egger &
Aitken*), for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *Darrell E. Lee*, for respondent.

HAMILTON, J.—Defendant John Paul Henneke was
charged, tried before the court sitting without a jury, and
convicted of unlawful possession of marijuana. He was
granted a deferred sentence of 3 years, conditioned upon
his serving 60 days in the county jail. He appeals.

The root question presented on this appeal is: Can a
police officer after lawfully arresting a person for a minor
misdemeanor, and preparatory to placing the individual in
a police vehicle for transportation to police headquarters,
legally conduct a cursory search of the arrestee's person for
possible weapons?

We answer the question in the affirmative.

The background circumstances, leading up to the defend-
ant's conviction and the issue on appeal, which the trial

*Reported in 470 P.2d 176.

court was entitled to and did accept as true, may be summarized in the following manner:

On May 25, 1968, at approximately 5:40 p.m., Officers James F. Whalen and Gene P. Doman, plainclothesmen attached to the Special Patrol Squad of the Seattle Police Department, observed the defendant, contrary to city ordinances, jaywalking through traffic in the 1400 block of Northeast 43d Avenue in the city of Seattle. Intending to issue defendant a citation for the offense, a misdemeanor, the officers alighted from their unmarked patrol car and approached him. Officer Whalen advised the defendant of the violation and requested identifying indicia from which to prepare a citation. The defendant produced none and when asked concerning his place of employment and residence somewhat cryptically replied he traveled for a California corporation and lived "all over." Officer Whalen thereupon advised the defendant it would be necessary to place him under arrest and transport him to police headquarters for booking. Preparatory to placing defendant in the police car, the officer asked permission to search him. The defendant, who up to this point had his hands in the pockets of his leather jacket, indifferently removed his hands and silently permitted a search, which consisted of the officer placing his hands in the jacket pockets, patting defendant's outer clothing, and inspecting his boot tops. In placing his hands in defendant's jacket pockets Officer Whalen discovered a wad of tissue paper containing a green vegetable matter which both Officers Whalen and Doman believed to be, and which was subsequently ascertained to be, marijuana. Defendant was then advised he was under arrest for unlawful possession of marijuana and advised of his rights. The defendant was thereupon transported to police headquarters and booked upon the unlawful possession charge.

Officer Whalen, in explaining the initial arrest, testified that it was normal police procedure to place a person, charged with an offense which ordinarily would be handled by a citation, under arrest and take him to police headquarters for more formal processing when such person was

unable to show any identification or other information indicative of his future availability to respond to a citation. He further stated with respect to the ensuing search that it was his custom, as a precautionary and self-protective measure, to cursorily search any arrested person for weapons before placing that person in a police car for transportation to booking headquarters.

Upon the commencement of defendant's trial, his counsel moved to suppress as evidence the marijuana found in defendant's possession, contending that such was the product of an unlawful search. The trial court denied the motion, and defendant's assignment of error on appeal is directed to this action on the part of the trial court.

Defendant, with commendable candor, does not challenge the legality of his initial arrest. It was for a misdemeanor committed in the presence of the officers, and in view of the defendant's inability, failure or refusal to supply, upon reasonable request, information indicative of his identity and availability to respond to a citation, the officers were left with little choice but to take him into custody for processing.

It is recognized and accepted that the language of the fourth amendment to the United States Constitution does not denounce all searches. It proscribes only those which are unreasonable. *United States v. Rabinowitz,* 339 U.S. 56, 94 L. Ed. 653, 70 S. Ct. 430 (1950). The underlying test is whether a given search is reasonable, and this depends upon the facts, circumstances and exigencies confronting the officers conducting the search. *State v. Palmer,* 73 Wn.2d 462, 438 P.2d 876 (1968); *State v. Gibson,* 76 Wn.2d 814, 459 P.2d 22 (1969).

In determining what is a reasonable search, it is well settled that police officers have a right to contemporaneously search, without a search warrant, the person of one lawfully placed under arrest. *State v. Young,* 76 Wn.2d 551, 458 P.2d 8 (1969); *State v. Wilson,* 70 Wn.2d 638, 424 P.2d 650 (1967). The justification for allowing such a search is to uncover fruits of the crime involved, to thwart

destruction of evidence and/or to discover and seize weapons or other instruments which might be used to assault the arresting officer or to effect an escape. *Preston v. United States*, 376 U.S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881 (1964); *Chimel v. California*, 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034 (1969).

■ We have applied the same rationale to searches incident to lawful arrests for misdemeanors committed in the presence of an officer. *State v. Greene*, 75 Wn.2d 519, 451 P.2d 926 (1969); *State v. Michaels*, 60 Wn.2d 638, 374 P.2d 989 (1962). And, we have further held that property seized incident to a lawful arrest, be it for a felony or a misdemeanor, may be used in the prosecution of the arrested person for a crime other than the one for which he was arrested. *State v. Greene, supra; State v. Montague*, 73 Wn.2d 381, 438 P.2d 571 (1968); *State ex rel. Fong v. Superior Court*, 29 Wn.2d 601, 188 P.2d 125 (1948).

Defendant does not seriously challenge these principles. Rather, he contends that the search was unreasonable because the offense precipitating the initial arrest was trivial, occasioned no cause for apprehension on the part of the officers, and did not justify a search which included exploration of his jacket pockets.

We cannot agree that the search as it was conducted was, under the circumstances, unreasonable and constitutionally impermissible. The officers at the time of the initial arrest were confronted with an individual with long hair, nondescriptly clothed, who had just jaywalked through traffic, was unable or unwilling to adequately identify himself or specify his place of residence, and who, under the circumstances, was going to have to be placed in a police car for transport to police headquarters. When advised by the officers that a search was desirable, the defendant responded indifferently. The search consisted only of patting the defendant's outer clothing, inspecting his boot tops, and the brief placing of the officer's hand in the main pockets of the outer jacket where the defendant's hands had been moments before; all actions consistent with a search for

weapons. There is no evidence in the record indicating, or which would sustain an inference to the effect, that the officers were utilizing the misdemeanor involved as a ruse to conduct a search for narcotics, or that they were engaging in a "stop and frisk" operation. On the contrary, the evidence indicates the discovery of the marijuana involved was fortuitous.

The officers had lawfully placed the defendant under arrest. They were about to place him in their police car. As a matter of self protection, the better part of wisdom, and within the limits of their constitutional rights as well as the defendant's, the officers were entitled to conduct a cursory and limited type search for possible weapons such as was here undertaken. To hold otherwise would be to ignore the fact that not infrequently police officers have been assaulted and even killed in the course of carrying out a valid arrest for a minor offense, when the individual involved, unbeknown to the officers, happened to be armed and dangerous.

The authorities cited by defendant to sustain his contentions are distinguishable and inapposite.

The judgment of the trial court is affirmed.

HUNTER, C. J., FINLEY, ROSELLINI, HALE, NEILL, and STAFFORD, JJ., and HILL, J. Pro Tem., concur.