[No. 813-2.   Division Two.   July 12, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS E.
SILVERTHORN, *Appellant*.

*Robert H. Stevenson*, for appellant.

*John C. Merkel, Prosecuting Attorney*, and *Ronald A. Franz, Deputy*, for respondent.

PETRIE, J.—The defendant, Thomas E. Silverthorn, was convicted following a trial to the court on one charge of being intoxicated in a public place and one charge of operating a motor vehicle while under the influence of intoxicating liquors. He appeals only from the conviction on the latter charge.

The only issue validly before us for review is whether or not the trial court properly denied defendant's motion to suppress evidence subsequently used against him. The defendant contends that he voluntarily waived his constitutional rights as set forth in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966), and further, that he voluntarily consented to taking a breathalyzer test *only* because at the time of so consenting and waiving he was charged only with the crime of public intoxication. Accordingly, he claims, any evidence subsequently obtained should have been limited solely to estab-

lishing that he committed that crime; it should not have been permitted as proof that he had committed any other crime with which he was subsequently charged. We disagree.

The defendant concedes that he was lawfully arrested for the crime of being intoxicated in a public place. Property seized incident to a lawful arrest may be used in the prosecution of a suspected person for a crime other than the one for which he was arrested. *State v. Greene,* 75 Wn.2d 519, 451 P.2d 926 (1969). We see no valid reason to distinguish between the use of tangible property seized following a valid arrest and the use, as here, of the result of a breathalyzer test taken subsequent to a lawful arrest—as long as the test was taken after consent thereto had been voluntarily given.

It makes little sense to allow law enforcement authorities to obtain evidence relating to one charge and then deny them its use when it, coupled with other evidence, supports a more serious offense. A contrary holding would require a police officer, prior to giving a *Miranda* or implied consent warning, to inform a defendant of every conceivable crime with which he may be charged as a condition precedent to the subsequent use of any evidence otherwise validly obtained as a result of the first charge. We decline to adopt a holding which would so emasculate the effectiveness of law enforcement agencies.

Judgment affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied August 23, 1973.

Review denied by Supreme Court October 25, 1973.