[No. 1361-3.    Division Three.    January 19, 1976.]

THE STATE OF WASHINGTON, *Appellant*, v. DANIEL LEE
HEHMAN, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *Gregory Staeheli, Deputy,* for appellant.

*Erickson & Worthington* and *Ross Worthington,* for respondent (appointed counsel for appeal).

McINTURFF, C.J.—The State of Washington appeals from an order suppressing evidence and dismissal of a charge against the defendant, Mr. Hehman, for possession of amphetamines. We are asked to decide whether a full search of the person is permissible incident to a custodial arrest for a minor nonmoving traffic violation.

Spokane County Sheriff's Deputy Michael McClanahan stopped Mr. Hehman's car after observing a defective taillight. Upon request, Mr. Hehman produced an expired

driver's license. When Mr. Hehman indicated he was going to continue driving to his job, a distance of several miles, he was placed under arrest to prevent this continued violation of the law. He was searched incident to his arrest, and two small metal boxes containing marijuana and amphetamines were found in his pants pocket. At a preliminary suppression hearing the contraband was suppressed and the charge against Mr. Hehman for possession of amphetamines was dismissed.

It is not contended by Mr. Hehman that he was stopped on a pretext to facilitate a search of his person. Rather, he bases his argument upon fears that limitless police discretion to make a custodial arrest for minor traffic violations could lead to unreasonable invasion of privacy. Mr. Hehman argues that something more than the bare misdemeanor violation, such as flight, plain view, suspicious activity, or evidence of other criminal activity, is necessary to escalate a minor violation into a custodial arrest with attending full search beyond a "pat down" for weapons.

■ Though some have questioned the wisdom of the rule,[1] it is the law of Washington that a police officer may arrest for traffic misdemeanors committed in their presence.[2] But police discretion to arrest for misdemeanors is not without limit. When a minor violation becomes a vehicle for police abuse and harassment, law enforcement has stepped beyond those fundamental principles implicit in the concept of ordered liberty.[3] Experience and the need for effective law enforcement have shown it best to deal with limited instances of police abuse on a case-by-case basis.[4] The fluid form of human encounters in police work militates against the imposition of blanket court limitation

---

[1]*Gustafson v. Florida*, 414 U.S. 260, 266-67, 38 L. Ed. 2d 456, 94 S. Ct. 488 (1973), Stewart, J., concurring; 58 Minn. L. Rev. 349, 415-16 (1974).

[2]RCW 46.64.015; *State v. Greene*, 75 Wn.2d 519, 520, 451 P.2d 926 (1969); *State v. Michaels*, 60 Wn.2d 638, 643, 374 P.2d 989 (1962).

[3]U.S. Const. amend. 14; Const. art. 1, § 7.

[4]*See Rochin v. California*, 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205, 25 A.L.R.2d 1396 (1952).

on police discretion.[5] The touchstone of a search is reasonableness. We therefore approach the present case upon its unique facts.

The arresting deputy exercised his discretion to make a custodial arrest, rather than issuing a citation, only after defendant expressed his intent to continue driving in violation of the law. Although arrest was not mandatory, the deputy had the discretion to arrest under the law.[6] There being no apparent abuse of police discretion upon these facts, we find Mr. Hehman's custodial arrest reasonable.

██ The spear of Mr. Hehman's argument is that the full search of his person was unreasonable, and therefore constitutionally impermissible, because his violations were trivial and his conduct such as to arouse no apprehension in the deputies for their own safety.

The United States Supreme Court has recently held that a search incident to a lawful arrest requires no additional justification.[7] The court stated:

> It is the fact of the lawful arrest which establishes the authority to search, . . . in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.[8]

The probability in a particular case that the person is armed or in possession of evidence of the criminal activity occasioning his arrest is therefore irrelevant.[9]

We are mindful that it is permissible for a state to impose a higher standard on searches and seizures than is

---

[5]*Terry v. Ohio*, 392 U.S. 1, 12, 15, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968).

[6]RCW 46.64.015.

[7]*United States v. Robinson*, 414 U.S. 218, 235, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973); *Gustafson v. Florida*, 414 U.S. 260, 266, 38 L. Ed. 2d 456, 94 S. Ct. 488 (1973).

[8]*United States v. Robinson*, 414 U.S. 218, 235, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973).

[9]*United States v. Robinson*, 414 U.S. 218, 235, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973); *Gustafson v. Florida*, 414 U.S. 260, 266, 38 L. Ed. 2d 456, 94 S. Ct. 488 (1973).

required by the federal constitution.[10] However, in light of *State v. Henneke*, 78 Wn.2d 147, 470 P.2d 176 (1970), we are unable to follow the two states which have imposed a higher standard.[11] In *State v. Henneke, supra,* police saw the defendant jaywalking and arrested him when he was unable to produce any identification. Prior to being placed in the car, the police searched the defendant and found marijuana wrapped in tissue paper in a jacket pocket. The defendant argued "that the search was unreasonable because the offense precipitating the initial arrest was trivial, occasioned no cause for apprehension on the part of the officers, and did not justify a search which included exploration of his jacket pockets."[12] The court held,

> We cannot agree that the search as it was conducted was, under the circumstances, unreasonable and constitutionally impermissible. . . .
> . . . . They were about to place him in their police car. As a matter of self protection, the better part of wisdom, and within the limits of their constitutional rights as well as the defendant's, the officers were entitled to conduct a cursory and limited type search for possible weapons such as was here undertaken. To hold otherwise would be to ignore the fact that not infrequently police officers have been assaulted and even killed in the course of carrying out a valid arrest for a minor offense, when the individual involved, unbeknown to the officers, happened to be armed and dangerous.[13]

As shown by *Henneke*, a weapon search incident to a lawful arrest which extends beyond a pat down to a closer investigation of pocket contents can be reasonable.[14] Deputy McClanahan had authority to search Mr. Hehman for weapons incident to his arrest, and did not act unreasonably when he made further investigation of the contents

[10]*Cooper v. California*, 386 U.S. 58, 62, 17 L. Ed. 2d 730, 87 S. Ct. 788 (1967).

[11]*See State v. Kaluna*, ...... Hawaii ......, 520 P.2d 51, 58-60 (1974); *People v. Brisendine*, 13 Cal. 3d 528, 531 P.2d 1099, 1110, 119 Cal. Rptr. 315 (1975).

[12]*State v. Henneke*, 78 Wn.2d 147, 150, 470 P.2d 176 (1970).

[13]*State v. Henneke*, 78 Wn.2d 147, 150-51, 470 P.2d 176 (1970).

[14]*State v. Henneke*, 78 Wn.2d 147, 150, 470 P.2d 176 (1970).

of two small metal boxes found in his pants pocket. It would create an arbitrary and unworkable standard in our present scientific day to hold that a search for lethal contents necessarily is limited by the size of the container. The standard remains reasonableness.

Property seized incident to a lawful arrest may be used in prosecuting the defendant for crimes other than the one occasioning his arrest.[15] The fortuitous discovery of marijuana and amphetamines pursuant to the present search did not affect their admissibility.

We intend by this opinion to preserve in police the discretion to arrest and search, though we recognize the potential for abuse of that discretion. However, effective law enforcement and rigid limitation of police discretion are antithetical. Law enforcement must be as flexible as the limitless variations of human encounters in police work. We are thus left to deal with abuse of police discretion as it infrequently arises, on a case-by-case basis.[16]

Judgment of the Superior Court suppressing the evidence obtained in the search and dismissing the case against Mr. Hehman is reversed, and the case remanded for trial.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied March 10, 1976.

Review granted by Supreme Court June 8, 1976.

---

[15]*State v. Henneke,* 78 Wn.2d 147, 150, 470 P.2d 176 (1970).

[16]*See Rochin v. California,* 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205, 25 A.L.R.2d 1396 (1952).