[No. 12349-5-II.   Division Two.   January 16, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. TYRONE WATSON, *Appellant.*

*Clayton R. Dickinson* and *Lisa Sinnitt,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney, Chris Quinn–Brintnall, Senior Appellate Deputy,* and *Karen L. Rogers, Legal Intern,* for respondent.

WORSWICK, J.—Tyrone Watson appeals a juvenile court order denying his motion to suppress evidence seized in a search of his car. The search followed and was incident to Watson's custodial arrest for a traffic infraction. The evidence led to a charge and conviction, after a trial on stipulated facts, of unlawful possession of a controlled substance with intent to deliver. We concern ourselves only with whether the custodial arrest was valid. If it was not, the search was also invalid. *State v. Davis,* 35 Wn. App. 724, 669 P.2d 900 (1983), *review denied,* 100 Wn.2d 1039 (1984). We reverse, holding that the arrest was not valid.

■ The State advances several reasons to justify the custodial arrest: the officers reasonably believed that Watson would attempt to escape; Watson had been reported as a runaway; there was reason to believe that he would not fulfill a promise to appear; his driver's license had been suspended or revoked. None of these assertions is supported by the findings of fact signed by the juvenile court judge, and those findings simply do not support the conclusion that the arrest was valid. When the State successfully resists a motion to suppress, it is obligated to procure findings of fact and conclusions of law that, *standing on their own,* will withstand appellate scrutiny. *State v. Poirier,* 34 Wn. App. 839, 841, 664 P.2d 7 (1983). The findings and conclusions in this case do not.

Essentially, the court found only two relevant facts. First, Watson had been driving at night without headlights. Based on this fact, the court properly concluded that the officers lawfully stopped him. Second, Watson was operating the car without a valid operator's license. Based on this fact alone, the court concluded that the custodial arrest was justified. The court erred.

*State v. Hehman,* 90 Wn.2d 45, 578 P.2d 527 (1978) held a custodial arrest invalid on virtually identical facts. The basis for the holding was somewhat obscure, resulting in later disagreement about its continuing vitality. *See State v. Stortroen,* 53 Wn. App. 654, 769 P.2d 321 (1989); *State v. Jordan,* 50 Wn. App. 170, 747 P.2d 1096 (1987), *review denied,* 110 Wn.2d 1027 (1988); *State v. LaTourette,* 49 Wn. App. 119, 741 P.2d 1033 (1987), *review denied,* 109 Wn.2d 1025 (1988); *State v. McIntosh,* 42 Wn. App. 573, 712 P.2d 319, *review denied,* 105 Wn.2d 1015 (1986).

██ The tenor of these post–*Hehman* cases, all decided by Division One, is that a police officer retains discretion to make a custodial arrest of one who is operating a vehicle without a valid operator's license. However, such custodial arrests are valid only where the officer has a substantial reason, beyond the infraction itself, to make such an arrest. *E.g., Jordan,* 50 Wn. App. at 174 (driver had no identification and was driving a car he did not own); *LaTourette,* 49 Wn. App. at 125 ("unique circumstances" and hostile bystanders); *McIntosh,* 42 Wn. App. at 576 (driver had no identification, did not own the vehicle, gave a suspicious account of his activities; reasonably probable he would fail to appear in court). The arrest was held invalid in the only case in which no such circumstances were present. *State v. Stortroen, supra.*

Notwithstanding the obscurity of *Hehman,* we believe that it represents a core principle that has been fortified by Division One's later cases to which we now subscribe: a custodial arrest based on a minor traffic violation is valid if, but only if, additional circumstances support the arresting

officer's exercise of discretion in making the arrest. The findings of fact in this case disclose no such circumstances.

Reversed.

PETRICH, A.C.J., and PETRIE, J. Pro Tem., concur.

Reconsideration denied March 12, 1990.

Review denied at 114 Wn.2d 1028 (1990).