[No. 10221-1-III. Division Three. March 14, 1991.]

THE STATE OF WASHINGTON, *Appellant*, v. PATRICK N.
FELLER, *Respondent.*

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Steven R.
Keller, Deputy,* for appellant.

*Victor Lara* and *Schwab, Kurtz, Hurley & Lara,* for
respondent.

GREEN, C.J.—The State of Washington appeals the suppression of marijuana obtained in a search incident to the arrest of Patrick N. Feller for driving without a valid operator's license. The State contends the search was justified as incident to a custodial arrest, as a protective search for weapons, or on the basis of inevitable discovery. We affirm.

At 2 p.m. on April 24, 1989, Trooper John Berends saw a red Chevette traveling eastbound on Nob Hill Boulevard in Yakima. The car had a cracked windshield, no gas cap and its driver failed to signal a lane change. When the trooper stopped the car and asked Mr. Feller for his license and registration, he replied he did not have a license and had left his registration at home. Mr. Feller, however, provided the trooper with identification.

The trooper told Mr. Feller he was under arrest for failure to have an operator's license. During a pat–down search for weapons, the trooper found a 3– or 4–inch pipe and a plastic bag containing what appeared to be marijuana in Mr. Feller's right front pants pocket. The trooper placed Mr. Feller in his patrol car and searched his car for weapons. Behind the driver's seat he found a brown paper bag containing three plastic baggies of what appeared to be marijuana. At 2:06 p.m., a registration check showed the car was registered to someone else and that Mr. Feller had failed to appear on two previous citations. At 2:07 p.m., the trooper read Mr. Feller his *Miranda* rights. He was subsequently charged with possession of a controlled substance with intent to deliver.

Mr. Feller moved to suppress the marijuana on the basis the trooper did not have authority to arrest and search him. At the hearing, the trooper testified to the above facts. In addition, he testified that had he not discovered contraband, his decision to issue a citation or take Mr. Feller into custody would have depended on the result of the registration check. The court granted the motion to suppress on the basis the circumstances presented did not justify a custodial arrest. This appeal follows.

First, the State contends the evidence was properly seized as a search incident to arrest.

Driving without a valid driver's license is a misdemeanor under RCW 46.20.021. RCW 46.64.015, the statute governing arrest procedures for violation of traffic laws, states in part:

> Whenever any person is arrested for any violation of the traffic laws or regulations which is punishable as a misdemeanor or by imposition of a fine, the arresting officer may serve upon him or her a traffic citation and notice to appear in court. . . . The detention arising from an arrest . . . may not be for a period of time longer than is reasonably necessary . . . except . . .:
> (1) Where the arrested person refuses to sign a written promise to appear . . .;
> (2) Where the arresting officer has probable cause to believe that the arrested person has committed any of the offenses enumerated in RCW 10.31.100(3) . . .;[1]

*State v. Hehman*, 90 Wn.2d 45, 47, 50, 578 P.2d 527 (1978) held absent other reasonable grounds for arrest, a custodial arrest for a minor traffic violation is unjustified, unwarranted, and impermissible if the defendant signs the promise to appear contained in the citation. A number of decisions have interpreted *Hehman* with varying results. *See State v. McIntosh*, 42 Wn. App. 579, 712 P.2d 323 (arrest for driving without a driver's license upheld on the basis of unsatisfactory identification, lack of vehicle ownership and suspicious account of activity), *review denied*, 105 Wn.2d 1015 (1986); *State v. LaTourette*, 49 Wn. App. 119, 741 P.2d 1033 (1987) (arrest for reckless driving upheld on the basis the offense was a misdemeanor—expired license tabs and group of hostile onlookers encouraged defendant to flee), *review denied*, 109 Wn.2d 1025 (1988); *State v. Jordan*, 50 Wn. App. 170, 747 P.2d 1096 (1987) (arrest for driving without a driver's license upheld on the basis it was a misdemeanor—no identification and lack of vehicle ownership), *review denied*, 110 Wn.2d 1027 (1988); *State v.*

---

[1]The facts presented here do not come within subsections (1) or (2) of RCW 46.64.015.

*Stortroen,* 53 Wn. App. 654, 769 P.2d 321 (1989) (arrest for driving without a driver's license unlawful when there were no circumstances justifying arrest or facts supporting the officer's reason to believe the defendant would not appear); *State v. Watson,* 56 Wn. App. 665, 784 P.2d 1294 (arrest for driving without valid license improper absent other circumstances), *review denied,* 114 Wn.2d 1028 (1990); *State v. Barajas,* 57 Wn. App. 556, 789 P.2d 321 (arrest for driving without a driver's license, standing alone, is unlawful), *review denied,* 115 Wn.2d 1006 (1990).[2]

The State's argument an officer can make an arrest solely on the basis of a misdemeanor is not persuasive. It relies on *State v. Henneke,* 78 Wn.2d 147, 470 P.2d 176 (1970), in which the court upheld the search of a person arrested for jaywalking. *Henneke* is not controlling for two reasons: (1) it is pre–*Hehman* and (2) even in *Henneke* the officers had other reasonable grounds for the custodial arrest—lack of identification and failure or refusal to specify a place of residence. *Henneke,* at 148–49. We conclude the failure to have a driver's license standing alone did not justify Mr. Feller's arrest. Thus, the search cannot be justified on the basis it was incident to arrest.

Second, the State contends the patdown was justified as a protective search for weapons. The State argues an arrest for a minor traffic offense falls between a custodial arrest and a *Terry* stop, and therefore a protective search may be made until the officer determines whether the arrest will become custodial.

In our view, stopping a vehicle for a traffic violation and detaining the person during a brief investigation falls within the due process standards of *Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968), and *State v. Broadnax,* 98 Wn.2d 289, 654 P.2d 96 (1982). In such situation, when an officer has reasonable grounds to believe the

---

[2]Most of these cases incorporate dicta from *Hehman,* at 47–48, wherein the court noted other authorities suggest custodial arrest may be proper when there are reasonable grounds to believe the accused will not respond to a citation.

person is armed and presently dangerous, the officer may do a pat–down search for weapons. *Terry,* 392 U.S. at 24; *Broadnax,* at 294–95; *State v. Wilkinson,* 56 Wn. App. 812, 815, 785 P.2d 1139, *review denied,* 114 Wn.2d 1015 (1990). In determining the proper scope of an investigative stop, the court will consider (1) the purpose of the stop, (2) the amount of physical intrusion, and (3) the length of time the suspect is detained. *State v. Williams,* 102 Wn.2d 733, 740, 689 P.2d 1065 (1984). Applying these standards to the instant case, we find the initial intrusion was valid. Although the detention was relatively short, the trooper never articulated any concern for his safety; thus, the pat-down, placing Mr. Feller in the patrol car and the subsequent search of his car cannot be justified on the basis of a protective search for weapons. In the absence of a reasonable belief by the officer that a person may be armed and dangerous, an officer should first await the result of a registration check and then determine if there are grounds for a custodial arrest. Here, the arrest and search occurred before the registration check was made and the results were obtained—*after* Mr. Feller's right to privacy had been violated. In this sequence, the arrest was improper and the search incident thereto must fall in the absence of reasons justifying a protective search. Thus, the trial court did not err in suppressing the marijuana.

 We need not address the State's contention that inevitable discovery applies since it has not been adopted in Washington. *State v. Coates,* 107 Wn.2d 882, 887, 735 P.2d 64 (1987).

Affirmed.

MUNSON and SHIELDS, JJ., concur.

Review denied at 117 Wn.2d 1005 (1991).