[No. 13742-9-II.   Division Two.   May 19, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTHONY JOHNSON, *Appellant.*

*Jeffrey J. Jahns* and *Ronald D. Ness & Associates,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney, Chris Quinn-Brintnall, Senior Appellate Deputy,* and *John M. Neeb, Legal Intern,* for respondent.

PETRICH, C.J. — Anthony Johnson appeals his conviction of possession of a controlled substance with intent to deliver, RCW 69.50.401(a)(1)(i). He contends the trial court erred in not suppressing the evidence seized from his vehicle because the police officer stopped his vehicle as a pretext for the search. We conclude that the officer searched Johnson's vehicle following a lawful custodial arrest, and affirm.

The trial court's unchallenged findings of fact are that

On January 20, 1990, at approximately 8:00 p.m., Tacoma Police Officer Berger was maintaining helicopter surveillance over the area of South 23rd and "K" Streets in Tacoma. Such area has a very high incidence of illegal drug trafficking, particularly at night. Parked at such intersection, Officer Berger observed a blue automobile with a white top. Such automobile drove through the area making several stops. During each stop, pedestrians walked up to such automobile and then walked away. Such automobile then returned to the intersection where its occupant contacted the driver of another vehicle.

As such conduct was indicative of drug-trafficking, Officer Berger began following the blue automobile with the white top. At that point the automobile began driving with its headlights turned off, despite the hour being after dark. The lights were then turned back on. In all, the headlights were turned on and off at least four times while Officer Berger was following. Often the headlights were turned off while the automobile was still driving [*sic*].

Officer Berger directed a patrol car to such automobile and relayed what he had observed to such patrol car. Officer Otis, who was in a patrol car, made a stop of the suspect automobile after it made a turn without signalling. Such automobile was the same one Officer Berger had seen making the several stops, which he then followed. At no time, from the original sighting by Officer Berger until the eventual stop by Officer Otis, did anyone get out of or into such automobile.

Only two occupants were in the automobile. Respondent was the driver. The other occupant sat in the front passenger seat. Hanging from Respondent's rear view mirror was a plastic hand molded into the shape of a "Crip" gang hand-sign. The "Crips" gang is a violent street-gang. Upon contact, Respondent informed Officer Otis that he had no driver's license. Furthermore, Respondent had no other form of identification on his person or in the vehicle. The vehicle registration was in someone else's name. When Officer Otis asked for Respondent's name, Respondent gave a false name, and then misspelled it, thereby indicating to the officer that Respondent had given a false name. Such indication was bolstered when Respondent claimed to have been arrested under such name, yet Officer Otis found no record of such arrest. Officer Otis placed Respondent under arrest and commenced a weapons search of the unlocked portions of the passenger compartment of Respondent's vehicle. In a jacket in the backseat, Officer Otis found the subject cocaine.

Prior to trial, Johnson made a motion to suppress the cocaine seized from his vehicle. The trial court denied John-

son's motion, and then it tried and convicted him of possession of a controlled substance with intent to deliver. Johnson raises a single issue: Was the traffic stop for failing to signal an illegal pretext for a warrantless search of his vehicle?

In *State v. Michaels*, 60 Wn.2d 638, 645, 374 P.2d 989 (1962), the court said: "The evidence in this case conclusively shows that the arrest was made for the sole purpose of searching the automobile to ascertain whether it contained any contraband property. It was a mere pretext for the search and was therefore unlawful." The purpose for this rule was stated in *State v. Davis*, 35 Wn. App. 724, 727, 669 P.2d 900 (1983), *review denied*, 100 Wn.2d 1039 (1984):

> [T]o prevent police officers from looking for or manufacturing grounds for an arrest for a minor offense in order to search for evidence of another suspected crime for which there is no probable cause for a search warrant.
>     Where there is a preexisting warrant, however, the basis for the rule preventing use of a pretext arrest to search for evidence of another crime no longer exists. . . .
>     . . . Regardless of the arresting officers['] additional motives, they had the authority to arrest on that warrant.

(Citations omitted.) *See also Taglavore v. United States*, 291 F.2d 262 (9th Cir. 1961); *Williams v. United States*, 418 F.2d 159 (9th Cir. 1969), *aff'd on other grounds*, 401 U.S. 646, 28 L. Ed. 2d 388, 91 S. Ct. 1148 (1971); *United States v. Smith*, 802 F.2d 1119 (9th Cir. 1986); *United States v. 1013 Crates of Empty Old Smuggler Whiskey Bottles, etc.*, 52 F.2d 49 (2d Cir. 1931).

Johnson asserts that after Officer Berger observed the "suspicious activity" from the helicopter and conveyed his suspicions to Officer Otis, Officer Otis manufactured a reason to stop and search his car. The trial court found that Officer Otis stopped Johnson because he failed to use his turn signal. If Officer Otis had searched Johnson's vehicle without further justification, such a search would have been improper. Johnson, however, gave the officer reason to believe that a custodial arrest was necessary.

■ This case is unlike that in *State v. Michaels, supra*. At the time of *Michaels*, an officer could take a person into

custody and search his or her vehicle following a misdemeanor traffic infraction committed in the officer's presence. That is no longer the case; an officer cannot search a vehicle incident to a minor traffic infraction absent circumstances justifying a custodial arrest. *State v. Watson*, 56 Wn. App. 665, 667-68, 784 P.2d 1294, *review denied*, 114 Wn.2d 1028 (1990). This court said:

> a custodial arrest based on a minor traffic violation is valid if, but only if, additional circumstances support the arresting officer's exercise of discretion in making the arrest. The findings of fact in this case disclose no such circumstances.

*Watson*, at 667-68. *Accord, State v. Hehman*, 90 Wn.2d 45, 578 P.2d 527 (1978) (custodial arrest for minor traffic infraction improper); *State v. Barajas*, 57 Wn. App. 556, 789 P.2d 321 (search improper when only reason for full custodial arrest was failure to have a driver's license), *review denied*, 115 Wn.2d 1006 (1990); *State v. Stortroen*, 53 Wn. App. 654, 769 P.2d 321 (1989) (search incident to noncustodial arrest for misdemeanor traffic offense unlawful); *State v. Jordan*, 50 Wn. App. 170, 747 P.2d 1096 (1987) (custodial arrest proper when driver had no identification and was driving a car he did not own), *review denied*, 110 Wn.2d 1027 (1988); *State v. LaTourette*, 49 Wn. App. 119, 741 P.2d 1033 (1987) (custodial arrest proper because of "unique circumstances" and hostile bystanders), *review denied*, 109 Wn.2d 1025 (1988); *State v. McIntosh*, 42 Wn. App. 573, 712 P.2d 319 (custodial arrest proper because driver had no identification, did not own vehicle, gave a suspicious account of his activities; reasonably probable he would fail to appear in court), *review denied*, 105 Wn.2d 1015 (1986).

■ Here, the trial court's findings provide substantial reasons to justify a custodial arrest following the stop. Johnson did not have a driver's license or any other form of identification; the vehicle's registration was in someone else's name; Johnson gave a false name, then spelled "John" incorrectly; and Johnson claimed to have a prior arrest under the false name, which the officer could not verify.

Based upon these findings, the court properly concluded that "Officer Otis had sufficient reasonable grounds to believe Respondent would not honor a 'promise to appear.' "

■ Once the officers made a proper custodial arrest, they could search Johnson's vehicle. "During the arrest process, including the time immediately subsequent to the suspect's being arrested, handcuffed, and placed in a patrol car, officers should be allowed to search the passenger compartment of a vehicle for weapons or destructible evidence." *State v. Stroud*, 106 Wn.2d 144, 152, 720 P.2d 436 (1986). Here, the officer searched the vehicle immediately after arresting Johnson. He searched only the unlocked portions of the car, finding the cocaine in a jacket in the backseat. Such a search is proper.

Judgment affirmed.

MORGAN and SEINFELD, JJ., concur.