[No. 7097–2–III.   Division Three.   July 8, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. TIM RAY WHITE, *Respondent.*

*Gary A. Riesen, Prosecuting Attorney,* and *Susan M. Lomax, Deputy,* for appellant.

*Donald C. Bell,* for respondent (appointed counsel for appeal).

GREEN, C.J.—The State appeals an order suppressing the contents of a cosmetic case containing cocaine found during a body search of Mr. White incident to his arrest. The issue presented is whether the evidence was properly seized incident to a lawful arrest, or alternatively, on the basis of inevitable discovery. We reverse.

On January 10, 1985, Officer Randy Chapman of the Wenatchee Police Department observed a vehicle crossing over the center line and proceeding through a red light without stopping. The officer stopped the vehicle and upon approaching the driver's window detected a strong odor of intoxicants. After failing field sobriety tests, the officer placed Mr. White under arrest for driving while under the influence. While conducting a pat–down search, the officer felt something hard in Mr. White's coat pocket which he first thought was a pocketknife. Officer Chapman reached inside the pocket and pulled out a plastic cosmetic case approximately 4 inches long, 1½ inches wide, and ½ inch deep. He opened it and found a small bindle of paper with a white powdery substance inside, a razor blade and a straw. Mr. White was taken to Chelan County Jail and booked on charges of driving while under the influence and possession of a controlled substance.

On January 29 Mr. White was charged with unlawful possession of a controlled substance, cocaine. He pleaded not guilty and moved to suppress the contents of the cosmetic case. This motion was granted. The State appeals.

First, the State contends the court erred when it suppressed the contents of the cosmetic case as it was a search incident to a lawful arrest. We agree.

Generally, a warrantless search is per se unreasonable under the Fourth Amendment unless justified by an exception to the warrant requirement. A search incident to a lawful arrest is an exception to the warrant requirement. *State v. Carner,* 28 Wn. App. 439, 444, 624 P.2d 204 (1981). Mr. White does not contest the lawfulness of the arrest nor the right to search him; he only contends the scope of the search was excessive. He relies on *State v. Ringer,* 100

Wn.2d 686, 699, 674 P.2d 1240 (1983), where the court stated:

A warrantless search in this situation is permissible only to remove any weapons the arrestee might seek to use in order to resist arrest or effect an escape and to avoid destruction of evidence by the arrestee of the crime for which he or she is arrested.

Mr. White argues that opening the cosmetic case was beyond the scope of the search because the cosmetic case could not possibly contain weapons or evidence of the crime for which he was arrested, DWI. Further, he contends because the officer was in control of the cosmetic case at the time of the search, there was no danger that he would attempt to destroy the evidence. We disagree for two reasons.

First, property seized incident to a lawful arrest may be used to prosecute the arrested person for a crime other than the one for which he was initially apprehended. *State v. Smith,* 102 Wn.2d 449, 688 P.2d 146 (1984) (a search which uncovered chako sticks in violation of a Seattle ordinance on a juvenile suspected of escape would have been upheld had there been probable cause to arrest); *State v. Henneke,* 78 Wn.2d 147, 470 P.2d 176 (1970) (the seizure of marijuana during a search of a defendant who was arrested for jaywalking was valid). This position is in accord with the decisions of the federal courts that have considered this issue. *Gustafson v. Florida,* 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488 (1973); *United States v. Allen,* 629 F.2d 51 (D.C. Cir. 1980); *Westberry v. Mullaney,* 406 F. Supp. 407 (D. Me.), *aff'd sub nom. Westberry v. Murphy,* 535 F.2d 1333, *cert. denied,* 429 U.S. 889 (1976). *See also* 2 W. LaFave, *Search and Seizure* § 5.2, at 287 (1978).

Second, once arrested there is a diminished expectation of privacy of the person which includes personal possessions closely associated with the person's clothing. *United States v. Monclavo–Cruz,* 662 F.2d 1285 (9th Cir. 1981). Thus, the courts distinguish between items found on the person, such as a wallet or cigarette package, from

purses, briefcases or luggage, the latter having a greater expectation of privacy. *State v. Hammond,* 24 Wn. App. 596, 603 P.2d 377 (1979) (search of the person revealed a wallet containing cocaine and a small leather case containing a piece of glass, razor blade and tube with white residue); *State v. Hehman,* 14 Wn. App. 770, 544 P.2d 1257 (1976) (search of the defendant's pant pockets resulted in discovery of two metal boxes containing marijuana and amphetamines), *rev'd on other grounds,* 90 Wn.2d 45, 578 P.2d 527 (1978); *see also United States v. Monclavo–Cruz, supra* (warrantless search of defendant's purse more than an hour after arrest improper); *United States v. Cleary,* 656 F.2d 1302 (9th Cir. 1981) (unzipped canvas bag has Fourth Amendment protection). As noted by the United States Supreme Court in *United States v. Chadwick,* 433 U.S. 1, 16 n.10, 53 L. Ed. 2d 538, 97 S. Ct. 2476 (1977):

> Unlike searches of the person, *United States* v. *Robinson,* 414 U. S. 218 (1973); *United States* v. *Edwards,* 415 U. S. 800 (1974), searches of possessions within an arrestee's immediate control cannot be justified by any reduced expectations of privacy caused by the arrest.

In situations where this greater expectation of privacy exists, there must be additional reasons present to warrant the search. Some of those are noted in *Ringer, i.e.,* the necessity of removing weapons or preventing destruction of evidence of the crime for which the arrest is made. Mr. White's reliance on *State v. Ortiz,* 662 P.2d 517 (Hawaii Ct. App. 1983), *aff'd,* 67 Hawaii 181, 683 P.2d 822 (1984) and *State v. Jenkins,* 62 Hawaii 660, 619 P.2d 108 (1980) is misplaced because those cases involve the search of a knapsack which invokes a greater expectation of privacy, and thus are within the ambit of *Ringer.*

*Ringer* was not intended to be interpreted in the restrictive manner suggested by Mr. White. *Ringer* did not involve a body search, but rather the warrantless search of the defendant's vehicle after he had been handcuffed and placed in the patrol car. To extend *Ringer,* as Mr. White contends, would allow the police to conduct a search of the

person at the time of arrest, but prevent them from examining the contents of items which may contain contraband or potentially dangerous weapons, such as the razor blade which was discovered here. This argument has been rejected by federal courts that have considered it. *United States v. Robinson,* 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973) (search of a cigarette case upheld); *United States v. Allen, supra* (discovery of heroin inside cigarette package valid); *United States v. Wyatt,* 561 F.2d 1388 (4th Cir. 1977) (once a notebook was lawfully seized, officers were entitled to read its contents). We conclude the evidence was properly seized and it was error to suppress it.

Next, the State contends the evidence would have been discovered in any event pursuant to a lawful inventory of Mr. White's belongings when booked into the Chelan County Jail and thus the earlier discovery should be upheld on the theory of inevitable discovery. Mr. White argues there was no testimony of booking procedures and even if there had been, it is very much an open question of whether the cosmetic case could be separately opened and inventoried as to its contents. Because of our determination the evidence was properly seized at the time of Mr. White's arrest, we need not reach these contentions.

In view of our holding, we reverse and remand for trial.

MUNSON and McINTURFF, JJ., concur.

Review denied by Supreme Court October 7, 1986.