[No. 23780-2-I.   Division One.   July 15, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. PATRICK NEAL GAMMON, *Appellant.*

*Philip J. Lynch* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Donna Wise, Deputy,* for respondent.

KENNEDY, J.—Appellant Patrick Neal Gammon appeals the trial court's denial of his motion to suppress evidence, consisting of one "rock" of crack cocaine, seized in the course of a search incident to his arrest for the crime of shoplifting. Following the denial of his motion to suppress, Gammon waived his right to a jury trial and was tried for the crime of possession of cocaine. Gammon was found guilty of the crime charged. Judgment and sentence were entered on the verdict. We affirm.

## ISSUE

Gammon concedes that his arrest for shoplifting was lawful and further concedes that the search incident to his arrest was proper insofar as it produced an amber–colored

bottle of prescription medicine which contained medication for pain and which was clearly labeled as Gammon's prescription. Gammon's sole contention is that the warrantless search exceeded the scope of permissibility when the arresting officer proceeded to open the bottle and inspect the contents. This inspection resulted in the discovery of a small rock of cocaine among the pills of pain medicine. This challenge is brought pursuant to U.S. Const. amend. 4, and Const. art. 1, § 7.

## FACTS

On February 5, 1988, Patrick Neal Gammon was detained by a security guard at the QFC store on Broadway in the Capitol Hill area of Seattle after he had been observed attempting to shoplift a pack of cigarettes. The Seattle Police Department was contacted and two patrol officers were dispatched to the store. The police officers contacted the store security personnel and were informed of the reason for Gammon's detention. At that time, the officers placed Gammon under arrest for the crime of shoplifting. After the arrest, Officer Fogassey, the arresting officer, emptied Gammon's pockets and found an amber–colored translucent prescription pill vial. The vial bore a prescription label in Gammon's name. The officer could see the contents of the pill vial and observed among the pills in the bottle an object that did not look like a pill and which appeared to be "not right". He thereupon opened the vial for further inspection. When he removed the object from the vial, the officer's experience led him to believe the object was in fact rock cocaine.

At the CrR 3.6 hearing the trial court ruled that the officer had seen the contraband through the translucent prescription vial in the course of his initial inspection of its contents and that this was properly within the scope of a search incident to an arrest. Because this observation was sufficient to allow the officer to form a reasonable belief, based on the officer's experience, that the nonpill object inside the vial was rock cocaine, the trial court concluded

that the opening of the vial and the seizure of the evidence were legal.

## DISCUSSION

The issue presented is whether the officer's inspection of the prescription vial exceeded the permissible scope of a search incident to a lawful arrest. Gammon concedes that the arrest was lawful and that the prescription bottle itself was produced by a lawful search incident to that arrest. Gammon, however, argues that once the officer noted that the prescription label was in Gammon's name, and that there did not appear to be reasonable grounds to believe that its contents were other than the prescribed drugs, the inspection of its contents that revealed the single rock of cocaine exceeded the permissible scope of the search incident to the arrest. Gammon argues that a warrant was required to examine the contents of the pill vial.

Under the Fourth Amendment, a warrantless search is per se unreasonable unless it is justified by an exception to the warrant requirement. One exception to the warrant requirement is for a search incident to a lawful arrest. *State v. White,* 44 Wn. App. 276, 722 P.2d 118, *review denied,* 107 Wn.2d 1006 (1986). Gammon relies on *State v. Ringer,* 100 Wn.2d 686, 674 P.2d 1240 (1983), *overruled in part in State v. Stroud,* 106 Wn.2d 144, 151, 720 P.2d 436 (1986) to assert that the search of the pill vial was beyond the permissible scope of a search incident to an arrest. In *Ringer,* the court stated that a warrantless search is permissible only to remove weapons that the arrestee might use and to avoid the destruction of evidence. 100 Wn.2d at 699. Gammon therefore argues that because the vial obviously did not contain weapons or evidence of the crime of shoplifting, the crime for which Gammon had been arrested, the warrantless search of the vial exceeded the scope authorized by *Ringer.*

The argument that the search of the vial was rendered impermissible because it obviously did not contain weapons or evidence of the crime for which the defendant

was arrested was specifically rejected by this court in *State v. LaTourette,* 49 Wn. App. 119, 129, 741 P.2d 1033 (1987), *review denied,* 109 Wn.2d 1025 (1988); *see also White,* 44 Wn. App. at 278 (stating "[P]roperty seized incident to a lawful arrest may be used to prosecute the arrested person for a crime other than the one for which he was initially apprehended."). In addition, *Ringer* applies only to warrantless automobile searches; not to body searches that are incident to a lawful arrest. *LaTourette,* 49 Wn. App. at 127, 129. Therefore, Gammon's reliance on *Ringer* is misplaced.

In *State v. White, supra,* the court reversed a trial court's ruling suppressing evidence seized in the course of a search incident to an arrest. In *White,* the defendant had been arrested for drunken driving; and, while being searched following the arrest, a plastic cosmetics case was discovered. This case was opened and cocaine and a razor blade were discovered. The Court of Appeals found that the fact of the arrest itself results in a diminished expectation of privacy in personal possessions associated with the arrested person's clothing. 44 Wn. App. at 278–79. The court reasoned that purses, briefcases and luggage have a greater expectation of privacy than a wallet or a cigarette package. This is because purses, briefcases and luggage are items within the arrestee's immediate control, whereas a wallet and a cigarette package are items that are actually found on the arrestee or are closely associated with the arrestee's clothing. 44 Wn. App. at 278–79. As a result of this diminished expectation of privacy, these objects are subject to inspection if it appears that they may contain contraband or potentially dangerous weapons. 44 Wn. App. at 279–80.

In *State v. LaTourette, supra,* this court reversed a trial court's ruling suppressing evidence seized in the course of a search incident to an arrest. In *LaTourette,* the defendant was arrested for reckless driving. After the arrest, the defendant was searched and, in his pants pocket, a plastic

baggie containing cocaine was discovered. This court held that the search was lawful because it was a reasonable search of a suspect incident to a lawful arrest. 49 Wn. App. at 127–28 (citing *State v. McIntosh,* 42 Wn. App. 573, 712 P.2d 319, *review denied,* 105 Wn.2d 1015 (1986)).[1] Judge Swanson also noted the diminished expectation of privacy that accompanies an arrest and stated that the warrantless search of the defendant, including his pants pocket, was reasonable. 49 Wn. App. at 128–29 (citing *State v. White, supra*).

Gammon was lawfully arrested and the pill vial was discovered in the course of a permissible search. The pill vial was similar to a wallet or a cigarette package because it was an item found on Gammon or in his clothing. Under *White,* Gammon had a diminished expectation of privacy in the prescription bottle thus allowing a detailed inspection of the vial without a warrant. Even if the officer had not seen the irregularly shaped object in the vial, we hold the search was a permissible search incident to a lawful arrest.[2]

Gammon also argues that the search of the pill vial was beyond the permissible scope of a search incident to an

---

[1]In *McIntosh,* the defendant was patted down after being lawfully arrested. Jewelry was discovered in his pants pockets. This court held that the search was lawful, reasoning:

A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, . . .

42 Wn. App. at 578 (quoting *United States v. Robinson,* 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467 (1973)).

[2]The State asserts the "open view" doctrine as an additional basis to uphold the search. The State argues that the officer could examine the translucent bottle simply because it was translucent. As a result of this examination the contraband was observed and this justified the opening of the bottle and the seizure of the evidence. *See State v. Courcy,* 48 Wn. App. 326, 739 P.2d 98 (1986), *review denied,* 109 Wn.2d 1017 (1987). Our ruling in this case does not rest upon the fact that Mr. Gammon's pill vial was translucent. Had the vial been opaque, the ruling would be the same.

arrest because the pill vial was in the exclusive control of the arresting officer when it was searched, thus removing the exigency of the possible destruction of any evidence that it might have contained. This argument was rejected by the Oregon Supreme Court in *State v. Owens,* 302 Or. 196, 206, 729 P.2d 524 (1986) which stated that a search incident to an arrest is authorized even after the personal effects have been removed from the defendant and are in the exclusive control of the police. We agree with the Oregon court. The question of permissible scope is governed only by whether the arrestee had the personal effects in his or her possession at the time of the arrest, not whose possession they were in at the moment of the search. *Accord, State v. Stroud,* 106 Wn.2d at 152; *State v. White,* 44 Wn. App. at 279–80.

Finally, Gammon asserts that the officer did not have a reasonable belief that the prescription vial contained contraband until after he opened the vial and examined the contents. Although we need not reach this issue in view of our rulings above, we do note that the evidence supports the trial court's finding that the officer had formed a reasonable suspicion concerning the presence of cocaine prior to the opening of the vial. *See State v. Daugherty,* 94 Wn.2d 263, 269, 616 P.2d 649 (1980), *cert. denied,* 450 U.S. 958 (1981); *State v. Flowers,* 57 Wn. App. 636, 641, 789 P.2d 333 (in an appellate review of a trial court's action denying a motion to suppress evidence, the constitutional rights at issue compel an independent evaluation of the evidence), *review denied,* 115 Wn.2d 1009 (1990).

## CONCLUSION

The present case is governed by the reasoning in *State v. White, supra.* The prescription vial was discovered within the legitimate scope of a search incident to a lawful arrest. The fact that Gammon was under lawful custodial arrest

gave the officer authority to make a warrantless search of the contents of the pill vial.

We affirm.

COLEMAN and PEKELIS, JJ., concur.