[Nos. 15015-1-III; 15053-4-III.    Division Three.    January 9, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. CARMEN CALDERA, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. ERIC LEE HAMILTON, *Appellant*.

*Daniel M. Arnold*, for appellant Caldera.

*Robert J. Thompson*, for appellant Hamilton.

*Andrew K. Miller, Prosecuting Attorney,* and *John V. Jensen, Deputy,* for respondent.

PER CURIAM — By statute, an officer arresting a person under the authority of a warrant must read the warrant to the person and take the person wishing to deposit bail "directly and without delay" before a judge. RCW 10.31.030; *State v. Smith,* 56 Wn. App. 145, 783 P.2d 95 (1989), *review denied,* 114 Wn.2d 1019 (1990). Both Carmen Caldera and Eric Hamilton[1] were arrested under the authority of a warrant. The police searched them before reading them the warrant or allowing them to post bail. We reaffirm our holding in *Smith* and reverse.[2] RCW 10.31.030 unequivocally requires that police allow a defendant to post bail "directly and without delay."

## FACTS

*State v. Caldera.* On April 15, 1995, a police officer saw Carmen Caldera exiting a car parked in a parking lot. The lot has "no trespassing" signs at both entrances; police are authorized to enforce the "no trespassing." An officer contacted Mr. Caldera, asked for identification, and ran a warrant check. The warrant check showed an outstanding misdemeanor warrant for Mr. Caldera in Benton County. Mr. Caldera was told about the warrant and arrested. The officer patted down Mr. Caldera and took him to the Ben-

---

[1]Both cases involve identical issues of law and we therefore consolidate them for purposes of this opinion. RAP 3.3(b).

[2]*Westerman v. Cary,* 125 Wn.2d 277, 892 P.2d 1067 (1994) is not applicable because no appearance before a judge was necessary to set bail. The bail amount was included on the warrants.

ton County Sheriff's Office where he was transferred to the Benton County Jail.

At the Benton County Jail, an officer searched Mr. Caldera in the jail sally port. The officer found a plastic bag with a white powdery substance, which later proved to be cocaine, in Mr. Caldera's right sock. After police conducted the search, they booked Mr. Caldera into jail, read the warrant which provided the amount for bail, and gave him an opportunity to post bail. Before trial, Mr. Caldera moved to suppress the evidence found in the search. The court denied Mr. Caldera's motion and on stipulated facts found Mr. Caldera guilty of possession of a controlled substance, cocaine.

*State v. Hamilton.* On May 26, 1995, while investigating a shoplifting incident, a police officer contacted Eric Hamilton at his home. After running a warrant check and discovering an outstanding warrant on Mr. Hamilton, the officer arrested Mr. Hamilton. The officer told Mr. Hamilton of the warrant but did not read him the warrant or inform him of his right to post bail. The officer patted Mr. Hamilton down and transported him to the Benton County Jail. There, another officer searched Mr. Hamilton in the jail's sally port. The officer found a small plastic container in Mr. Hamilton's pocket which Mr. Hamilton admitted was cocaine. Mr. Hamilton was taken into the booking area and given a copy of the warrant which stated the amount of bail. Before trial, Mr. Hamilton moved to suppress the cocaine. The court denied the motion and on stipulated facts found him guilty of possession of a controlled substance, cocaine.

## DISCUSSION

Validity of warrant check. Both Mr. Caldera and Mr. Hamilton challenge the validity of the warrant check.

■ Warrant checks for outstanding warrants during valid criminal investigations are reasonable routine police procedures. *State v. Williams,* 50 Wn. App. 696, 700, 750

P.2d 278 (1988); *see also State v. Kerens*, 9 Wn. App. 449, 451-52, 513 P.2d 63, *review denied*, 83 Wn.2d 1003 (1973). Here, both officers were investigating potential criminal activity. Mr. Caldera was trespassing. Mr. Hamilton was allegedly shoplifting. The officers properly conducted a warrant check during their investigations.

Validity of search. Mr. Caldera and Mr. Hamilton next challenge the validity of the search in the jail's sally port before being read the warrants and given the opportunity to post bail.

RCW 10.31.030 provides in part:

> The officer making an arrest must inform the defendant that he acts under authority of a warrant, and must also show the warrant: PROVIDED, That if the officer does not have the warrant in his possession at the time of arrest he shall declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement: PROVIDED, FURTHER, That any officer making an arrest under this section shall, if the person arrested wishes to deposit bail, take such person directly and without delay before a judge or before an officer authorized to take the recognizance and justify and approve the bail . . . .

In *Smith*, we considered whether the police violated RCW 10.31.030 by conducting an inventory search before showing the defendant the warrant for her arrest and giving her an opportunity to post bail. Police arrested Ms. Smith on an arrest warrant. At the jail, they conducted an inventory search of her purse while reading her the warrant. *Smith*, 56 Wn. App. at 150. We held that the search was unlawful because police did not give her a timely opportunity to post bail. *Id.* at 150.

Mr. Caldera's and Mr. Hamilton's situations are identical to Ms. Smith's. Neither was given an opportunity to post bail before being searched.

The State relies on *State v. Harris*, 66 Wn. App. 636, 642, 833 P.2d 402 (1992) for its argument that exigent cir-

cumstances required the searches before allowing them to enter the booking area. We dismissed a similar argument in *Smith*. The search could have occurred at the time of arrest. Police could have watched the defendant while he or she tried to obtain bail. *Smith*, 56 Wn. App. at 152; *see also United States v. Mills*, 472 F.2d 1231, 1239 (D.C. Cir. 1972) (holding an inventory search should be conducted only when detention is necessary). The statute requires that an officer read an arrest warrant in his possession at the time of the arrest or, if not in his or her possession, then as soon as possible. If a defendant wishes to post bail, the officer must give the defendant an opportunity to do so without delay. When the language of the statute is clear, we must give effect to its provisions. *State v. Bernard*, 78 Wn. App. 764, 766-67, 899 P.2d 21 (1995).

We reverse the trial court and dismiss the charges against Mr. Caldera and Mr. Hamilton.

Review denied at 131 Wn.2d 1022 (1997).