[No. 22321-0-II. Division Two. July 17, 1998.]

THE STATE OF WASHINGTON, *Appellant*, v. ROBERT LEWIS
JORDAN, *Respondent*.

*Jeremy L. Randolph, Prosecuting Attorney*, and *Patrick A. True, Deputy*, for appellant.

*Kenneth G. Johnson* of *Williams and Johnson, P.S.*, for respondent (appointed counsel for appeal).

BRIDGEWATER, A.C.J. — Robert Jordan was arrested on two occasions based on outstanding warrants. Officers searched Jordan during each arrest and each time seized controlled substances from closed containers found on his person. The search in the first arrest disclosed methamphet-

amine in a film canister; in the second, methamphetamine was discovered in a prescription bottle. The searches took place at the scene of the arrest before Jordan was taken to the jail for booking. We hold that the searches were valid incident to Jordan's arrest. We further hold that the validity of a search incident to arrest does not depend upon whether the arrest is based upon probable cause or a warrant. Finally, we hold that RCW 10.31.030 applies to an inventory search before booking. We reverse the suppression order and remand for trial.

■ The trial court suppressed the evidence seized from the containers because it reasoned that the searches violated RCW 10.31.030 because the officers did not read the warrant to Jordan or provide him an opportunity to post bail before the search.

The State argues that the scope of a search conducted incident to a lawful arrest is not limited merely because the arrest is based on outstanding warrants, pursuant to RCW 10.31.030. RCW 10.31.030 provides:

> The officer making an arrest must inform the defendant that he acts under authority of a warrant, and must also show the warrant: PROVIDED, That if the officer does not have the warrant in his possession at the time of arrest he shall declare that the warrant does presently exist and will be shown to the defendant as soon as possible on arrival at the place of intended confinement: PROVIDED, FURTHER, That any officer making an arrest under this section shall, if the person arrested wishes to deposit bail, take such person directly and without delay before a judge or before an officer authorized to take the recognizance and justify and approve the bail, including the deposit of a sum of money equal to bail. Bail shall be the amount fixed by the warrant. Such judge or authorized officer shall hold bail for the legal authority within this state which issued such warrant if other than such arresting authority.

"This statute imposes upon an arresting officer a twofold duty when he does not have the warrant in his possession: (1) a duty to tell the arrestee that a warrant for his arrest exists; and (2) a duty to advise the arrestee that it will be

shown to him as soon as possible after he is jailed." *State v. Dugger,* 34 Wn. App. 315, 318, 661 P.2d 979 (1983).

Jordan relies upon *State v. Caldera,* 84 Wn. App. 527, 929 P.2d 482, *review denied,* 131 Wn.2d 1002 (1997), and *State v. Smith,* 56 Wn. App. 145, 783 P.2d 95 (1989), *review denied,* 114 Wn.2d 1019 (1990), for the proposition that if an arrest takes place based upon a warrant, the officer may only conduct a "patdown" for weapons and then must allow the defendant the opportunity to post bail before conducting any type of further search. These cases do not support that proposition. In both cases the officers conducted a search incident to arrest, which was not challenged, and the challenged search was the inventory search at the jail. In *Caldera,* the challenged search was a second search in the sally port before reading the warrant, and in *Smith* the search was of the suspect's purse while the officers were reading her the warrant. The court in *Smith* directly addresses the issue and describes it as one of timing. That is, a *Stroud*[1] search could occur at the time of arrest; but at the time of booking, when the person to be incarcerated has their goods inventoried, an opportunity to bail out of jail should be accorded. *Smith,* 56 Wn. App. at 149-52. *Smith* plainly differentiated a search incident to arrest and an inventory search. Thus, these cases do not apply to search as incident to arrest, but to inventory searches prior to booking the defendants into jail. *See State v. Ward,* 65 Wn. App. 900, 830 P.2d 383 (1992). To read RCW 10.31.030 to treat defendants arrested upon warrants differently at the time of arrest would lead to absurd results. RCW 10.31.030 does not permit the officer to take bail at the scene of arrest or even to have the warrant available at the time of arrest. RCW 10.31.030 simply is not applicable to searches incident to arrest.

 The remaining question is whether these searches were lawful incident to Jordan's arrest. "A warrantless search is presumed unreasonable except in a few established

---

[1] *State v. Stroud,* 106 Wn.2d 144, 720 P.2d 436 (1986).

and well-delineated exceptions. *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). A search incident to a lawful arrest is such an exception. *United States v. Robinson*, 414 U.S. 218, 224, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)." *State v. Smith*, 119 Wn.2d 675, 678, 835 P.2d 1025 (1992). "The Fourth Amendment limits the permissible scope of a warrantless search incident to arrest to the area within the arrestee's immediate control, i.e., places from which the individual might obtain a weapon or destroy incriminating evidence." *State v. Mitzlaff*, 80 Wn. App. 184, 186, 907 P.2d 328 (1995) (citing *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)), *review denied*, 129 Wn.2d 1015 (1996).

Jordan does not challenge the lawfulness of his arrests. Therefore, this court's inquiry is limited to whether the searches were within the permissible scope of a search incident to arrest. "[A] search incident to arrest is valid under the Fourth Amendment: (1) if the object searched was within the arrestee's control when he or she was arrested; and (2) if the events occurring after the arrest but before the search did not render the search unreasonable." *Smith*, 119 Wn.2d at 681 (citing *United States v. Turner*, 926 F.2d 883, 887 (9th Cir.), *cert. denied*, 502 U.S. 830 (1991)). *See also State v. LaTourette*, 49 Wn. App. 119, 741 P.2d 1033 (1987), *review denied*, 109 Wn.2d 1025 (1988).

▆ The first question is whether the film canister and the prescription pill bottle were in Jordan's control when he was arrested. An object is within the control of an arrestee for the purposes of a search incident to an arrest as long as the object was within the arrestee's reach immediately prior to, or at the moment of, the arrest. *Smith*, 119 Wn.2d at 681-82. Both the film canister and the prescription pill bottle were within Jordan's reach immediately prior to and during the arrests because they were in Jordan's pocket. The containers were in his control at the time of the arrests.

The next issue is "whether events occurring after the ar-

rest but before the search made the search unreasonable." *Smith*, 119 Wn.2d at 682. There is no evidence of any events, such as a significant delay between the arrest and the search, that rendered the search unreasonable.

■ Finally, we inquire whether the search of Jordan's pockets was within the scope of his arrest. In *State v. White*, 44 Wn. App. 276, 722 P.2d 118, *review denied*, 107 Wn.2d 1006 (1986), the police found cocaine in a cosmetic case located in the defendant's coat pocket during a search incident to arrest. The defendant did not challenge the lawfulness of the arrest or the officer's right to search, but claimed that the scope of the search was excessive. *Id.* at 277. The court held that the cosmetic case in the defendant's pocket was within the scope of the search incident to arrest, noting:

> First, property seized incident to a lawful arrest may be used to prosecute the arrested person for a crime other than the one for which he was initially apprehended . . . .
>
> Second, once arrested there is a diminished expectation of privacy of the person which includes personal possessions closely associated with the person's clothing.

*Id.* at 278 (citations omitted). Likewise, in *State v. Gammon*, 61 Wn. App. 858, 860, 812 P.2d 885 (1991), the defendant claimed that the search of his person incident to arrest for shoplifting exceeded the permissible scope because the arresting officer opened a prescription pill bottle found in the defendant's pocket, resulting in the discovery of a small rock of cocaine.

> Gammon was lawfully arrested and the pill vial was discovered in the course of a permissible search. The pill vial was similar to a wallet or a cigarette package because it was an item found on Gammon or in his clothing. Under *White*, Gammon had a diminished expectation of privacy in the prescription bottle thus allowing a detailed inspection of the vial without a warrant. Even if the officer had not seen the irregularly shaped object in the vial, we hold the search was a permissible search incident to a lawful arrest.

*Gammon*, 61 Wn. App. at 863. We hold that the warrantless searches of Jordan's person, including the searches of his pockets, were within the scope of his arrests.

Twice, Jordan was lawfully arrested based on valid outstanding warrants. A film canister and prescription pill bottle found in Jordan's pockets during subsequent searches were within his control when arrested. Controlled substances found inside the canister and bottle were on his person during the arrests and were admissible as evidence seized during a valid search incident to arrest.

Reversed and remanded for trial.

MORGAN and SEINFELD, JJ., concur.

Review denied at 137 Wn.2d 1006 (1999).