232 P.3d 582 (2010)
STATE of Washington, Respondent,
v.
Richard N. WHITNEY, Appellant.
No. 28243-1-III.
Court of Appeals of Washington, Division 3.
June 3, 2010.
Janet G. Gemberling, Julia Anne Dooris, Gemberling & Dooris PS, Spokane, WA, for Appellant.
Mark Erik Lindsey, Spokane County Prosecuting Attorneys, Spokane, WA, for Respondent.

OPINION PUBLISHED IN PART
BROWN, J.
¶ 1 Richard N. Whitney appeals his convictions for possessing hydrocodone and methadone, contending the trial court erred in denying suppression of evidence found in a pill bottle in Mr. Whitney's pocket after he was arrested following a traffic stop. Mr. Whitney asks us to extend the automobile search rules found in Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710, 173 L.Ed.2d 485 *583 (2009) to these facts. We decline. Accordingly, we affirm.

FACTS
¶ 2 Spokane Police Corporal Thomas Lee pulled over a vehicle driven by Mr. Whitney for failure to yield. Corporal Lee determined Mr. Whitney's driver's license was suspended. Officer Chris Crane arrived to assist. The pair placed Mr. Whitney under arrest. Officer Crane then searched Mr. Whitney, recovering a prescription pill bottle from Mr. Whitney's pocket. The pill bottle was labeled for Mr. Whitney's azithromycin prescription, but Officer Crane found several different types of pills inside. Officer Crane later identified the pills as azithromycin, vicodin, hydrocodone, and methadone.
¶ 3 The State charged Mr. Whitney with one count of possessing hydrocodone and one count of possessing methadone, both controlled substances, in violation of RCW 69.50.4013(1). Mr. Whitney moved to suppress the pill bottle evidence based on Gant. After argument, the trial court denied the suppression motion without conducting an evidentiary hearing or entering written findings of fact and conclusions of law. A jury found Mr. Whitney guilty as charged. He appealed.

ANALYSIS

Suppression
¶ 4 The issue is whether the trial court erred in denying Mr. Whitney's suppression motion. While acknowledging the factual differences, Mr. Whitney contends under Gant principles, the officers lacked the authority to inspect the contents of the pill bottle.
¶ 5 When reviewing suppression motions, we generally review factual findings for substantial evidence and conclusions of law de novo. State v. Mendez, 137 Wash.2d 208, 214, 970 P.2d 722 (1999), overruled on other grounds by Brendlin v. California, 551 U.S. 249, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007). Here, the trial court was not required to enter written findings of fact and conclusions of law on the suppression motion because no evidentiary hearing was held. See CrR 3.6(b) (stating "[i]f an evidentiary hearing is conducted, at its conclusion the court shall enter written findings of fact and conclusions of law"). Our issue is legal: whether during a search of Mr. Whitney's person incident to his arrest, the pill bottle removal and inspection violated the Fourth Amendment to the United States Constitution. "We review questions of law de novo." In re Pers. Restraint of Brooks, 166 Wash.2d 664, 667, 211 P.3d 1023 (2009).
¶ 6 The Fourth Amendment to the United States Constitution guarantees a right to privacy against unreasonable searches and seizures. U.S. Const., amend. IV. "A warrantless search is presumed unreasonable except in a few established and well-delineated exceptions." State v. Smith, 119 Wash.2d 675, 678, 835 P.2d 1025 (1992). "A search incident to a lawful arrest is such an exception." Id. Further, the burden is on the State to establish an exception to the warrant requirement. State v. Potter, 156 Wash.2d 835, 840, 132 P.3d 1089 (2006).
¶ 7 Mr. Whitney contends Officer Crane's search of Mr. Whitney's person and the pill bottle found in his pocket constituted an unconstitutional search under Gant. See Gant, 129 S.Ct. at 1716-724 (delineating the scope of a permissible vehicle search incident to an occupant's arrest). He argues Officer Crane was not searching for a weapon or evidence of driving with a suspended license when he opened the pill bottle. In Gant, the court held "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." Gant, 129 S.Ct. at 1723. The court further held, "[w]hen these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." Id. at 1723-724.
¶ 8 Contrary to Mr. Whitney's argument, Gant does not apply here. The facts do not raise Gant principles because it applies to warrantless vehicle searches incident to arrest; *584 here, the search was of Mr. Whitney's person incident to his arrest, not his vehicle. Officer Crane's pill bottle search was permissible incident to Mr. Whitney's arrest. See State v. White, 44 Wash.App. 276, 722 P.2d 118 (1986); State v. Gammon, 61 Wash.App. 858, 812 P.2d 885 (1991).
¶ 9 In White, the defendant's search incident to his drunk driving arrest revealed a plastic cosmetic case in his pocket. White, 44 Wash.App. at 277, 722 P.2d 118. The police officer opened the case, and discovered a white powdery substance later identified as cocaine, a razor blade, and a straw. Id. After the trial court granted the defendant's motion to suppress the contents of the cosmetic case, the State appealed. Id. The White court reversed, concluding the evidence was properly seized. Id. at 278-80, 722 P.2d 118. It reasoned "once arrested there is a diminished expectation of privacy of the person which includes personal possessions closely associated with the person's clothing." Id. at 278, 722 P.2d 118 (citing United States v. Monclavo-Cruz, 662 F.2d 1285 (9th Cir.1981)). The court stated, "the courts distinguish between items found on the person, such as a wallet or cigarette package, from purses, briefcases or luggage, the latter having a greater expectation of privacy." Id. at 278-79, 722 P.2d 118. And, the court reasoned "property seized incident to a lawful arrest may be used to prosecute the arrested person for a crime other than the one for which he was initially apprehended." Id. at 278, 722 P.2d 118.
¶ 10 In Gammon, the defendant's search incident to his shoplifting arrest revealed a translucent prescription pill bottle in his pocket. Gammon, 61 Wash.App. at 860, 812 P.2d 885. The police officer could see the contents of the bottle, and observed an object that did not look like a pill. Id. The officer opened the bottle, and discovered rock cocaine inside. Id. On appeal, the defendant argued the inspection of the bottle's contents exceeded the permissible scope of a search incident to arrest. Id. at 861, 812 P.2d 885. The court disagreed, finding, "[t]he fact that [the defendant] was under lawful custodial arrest gave the officer authority to make a warrantless search of the contents of the pill vial." Id. at 864-65, 812 P.2d 885. The Gammon court reasoned "[u]nder White, [the defendant] had a diminished expectation of privacy in the prescription bottle thus allowing a detailed inspection of the vial without a warrant." Id. at 863, 812 P.2d 885. The court stated, "[e]ven if the officer had not seen the irregularly shaped object in the vial, we hold the search was a permissible search incident to a lawful arrest." Id.
¶ 11 Here, Mr. Whitney was lawfully arrested. Thus, Officer Crane had the authority to search the contents of the pill bottle found on Mr. Whitney's person without a warrant. See White, 44 Wash.App. at 278-80, 722 P.2d 118; Gammon, 61 Wash.App. at 863-65, 812 P.2d 885; see also State v. Jordan, 92 Wash.App. 25, 28-31, 960 P.2d 949 (1998) (reversing suppression of evidence found inside a film canister and a pill bottle recovered from the defendant's pockets during searches incident to his arrest on outstanding warrants). Mr. Whitney had a diminished expectation of privacy in the pill bottle. See White, 44 Wash.App. at 278-79, 722 P.2d 118; Gammon, 61 Wash.App. at 863, 812 P.2d 885. Accordingly, the trial court did not err in denying Mr. Whitney's motion to suppress.
¶ 12 Affirmed.
WE CONCUR: KULIK, C.J., and SWEENEY, J.