# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51700-1-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| RACHEL DARSHELL RICHARDS, | |
| Appellant. | |

MAXA, C.J. – Rachel Richards appeals her conviction of unlawful possession of heroin.[1]
She argues that the trial court erred by not suppressing evidence that police officers seized in a
search incident to her arrest. We hold that the officers did not exceed the scope of a lawful
search incident to arrest when they searched a closed pouch in Richards's purse that she was
carrying at the time of arrest. Accordingly, we affirm Richards's conviction.

## FACTS

On November 11, 2017, a loss protection officer at a retail store in Woodland, observed
Richards placing store merchandise into her purse. The officer approached Richards after she
left the store without paying for the items in her purse. Two police officers, who were waiting

---

[1] Richards also was convicted of third degree theft, but she does not challenge that conviction on
appeal.

outside, detained Richards and escorted her to the loss protection office. There, the officers arrested Richards and searched her purse.

During the search of the purse, the officers discovered the stolen merchandise and a closed, zippered pouch. They opened the pouch and searched it, looking for theft tools used for removing secure access devices. The pouch contained drug paraphernalia, foil residue, straws, and syringes.

The State charged Richards with unlawful possession of heroin. Richards filed a motion to suppress the contents of the pouch found in her purse. The trial court considered the evidence set out above and denied the motion. The court gave an oral ruling, but did not enter written findings of fact and conclusions of law.

Richards subsequently was convicted of possession of heroin. She appeals her conviction.

ANALYSIS

A.  STANDARD OF REVIEW

When reviewing a trial court's denial of a CrR 3.6 motion to suppress evidence, we determine whether substantial evidence supports the findings of fact and whether those findings of fact support the conclusions of law. *State v. Russell*, 180 Wn.2d 860, 866, 330 P.3d 151 (2014). Substantial evidence is evidence that is sufficient to persuade a fair-minded person of the truth of the finding. *Id.* at 866-67. We review conclusions of law de novo. *Id.* at 867.

Here, the trial court did not make written findings of fact or conclusions of law as required by CrR 3.6. Although failure to enter findings of fact and conclusions of law is error, such error is harmless if the trial court's oral findings are sufficient to permit appellate review.

*State v. Weller*, 185 Wn. App. 913, 923, 344 P.3d 695 (2015). We conclude that the trial court's error is harmless here.

B.      SCOPE OF SEARCH INCIDENT TO ARREST

Richards argues that the officers' warrantless search of the closed pouch in her purse was unlawful. We disagree.

1.      Legal Principles

Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution prohibit warrantless searches unless one of the exceptions to the warrant requirement applies. *State v. Rooney*, 190 Wn. App. 653, 658, 360 P.3d 913 (2015). The State has the burden of establishing an exception. *Id*.at 658-59.

One exception to the warrant requirement is a search of a person incident to a lawful arrest of that person. *State v. Brock*, 184 Wn.2d 148, 154, 355 P.3d 1118 (2015). Under this exception, an officer making a lawful custodial arrest has authority to search the person being arrested as well articles of the arrestee's person such as clothing and personal effects. *State v. Byrd*, 178 Wn.2d 611, 617-18, 621, 310 P.3d 793 (2013) (citing *United States v. Robinson*, 414 U.S. 218, 224, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973)). An article immediately associated with the arrestee's person may be searched if the arrestee has actual possession of it at the time of a lawful custodial arrest. *Id.* at 621. This rule is referred to as the "time of arrest" rule. *Id.* at 620-21. Based on this rule, an officer may search a purse or a bag in the arrestee's possession at the time of arrest. *Id.* at 622.

A search of an arrestee's person or articles in his or her possession does not require a case-by-case determination that a warrantless search is necessary for officer safety or evidence

preservation. *Brock*, 184 Wn.2d at 154-55. Such a search is reasonable regardless of "the probability in a particular arrest situation that weapons or evidence would in fact be found." *Robinson*, 414 U.S. at 235. Instead, "[t]he authority to search an arrestee's person and personal effects flows from the authority of a custodial arrest itself." *Byrd*, 178 Wn.2d at 618.

A second type of search incident to arrest involves a search of the area within the arrestee's control. *Byrd*, 178 Wn.2d at 617. This type of search must be justified by showing that the arrestee might access the surrounding area to obtain a weapon or destroy evidence. *Id.* (citing *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)); *see also State v. Valdez*, 167 Wn.2d 761, 777, 224 P.3d 751 (2009) (addressing the search of an automobile incident to arrest).

The United States Supreme Court addressed the search of an article in an arrestee's possession incident to an arrest in *Riley v. California*, 573 U.S. 373, 134 S. Ct. 2473, 189 L. Ed. 2d 430 (2014). The Court held that police may not conduct a warrantless search of the digital information on a cell phone found on the arrestee's person at the time of arrest. *Id.* at 386. In reaching this decision, the Court compared the minimal benefits of a cell phone search with respect to officer protection and evidence preservation with the significant privacy concerns implicated by the large amounts of personal and intimate information on modern cell phones. *Id.* at 387-96.

In *State v. VanNess*, Division One of this court relied on *Riley* in holding that the search incident to arrest exception did not apply to the search of a locked box inside a backpack an arrestee was carrying at the time of the arrest. 186 Wn. App. 148, 156-62, 344 P.3d 713 (2015). The court in *VanNess* stated:

> After *Riley*, a lawful arrest no longer provides categorical justification to search, without a warrant, all items found on an arrested person at the time of arrest. Instead, if the item to be searched falls within a category that implicates an arrestee's significant privacy interests, the court must balance the government interests against those individual privacy interests. Only when government interests in officer safety and evidence preservation exceed an arrestee's privacy interest in the category of item to be searched may it be searched incident to arrest without a warrant.

*Id.* at 160.

In evaluating the arrestee's privacy interest in the locked box, the court noted that our Supreme Court has held that officers cannot search a locked container found in an automobile incident to an arrest without justification based on officer safety or preservation of evidence. *Id.* at 160-61 (citing *Valdez*, 167 Wn.2d at 777). The court concluded that the locked box in the backpack could not be searched without a warrant because the arresting officer raised no concerns about his safety and there was no indication that the officer believed that the box would contain evidence relevant to the crime of arrest. *VanNess*, 186 Wn. App. at 162.

2. Analysis

Here, there is no question that the officers could search Richards's purse incident to her arrest because it was in her possession. *Byrd*, 178 Wn.2d at 622. Under *VanNess*, the officers would have been precluded from searching a *locked* container in that purse absent concerns about officer safety or an indication that a locked container contained evidence relevant to the crime of arrest. 186 Wn. App. at 162. The issue here is whether the same rule applies to a closed, *unlocked* container in Richards's purse. We conclude that it does not.

Washington courts addressing searches of purses incident to arrests have expressed no concern about officers searching closed, unlocked containers inside a purse or bag. In *Brock*, the

court held that a search incident to an arrest was lawful when officers found drugs in a wallet inside a backpack searched incident to an arrest. 184 Wn.2d at 152, 159. In *Byrd*, the court held that a search incident to an arrest was lawful when officers found drugs in a sunglasses case inside a purse. 178 Wn.2d at 615, 625. *See also State v. Whitney*, 156 Wn. App. 405, 409, 232 P.3d 582 (2010) (pill bottle); *State v. Jordan*, 92 Wn. App. 25, 31, 960 P.2d 949 (1998) (film canister and pill bottle); *State v. Gammon*, 61 Wn. App. 858, 863, 812 P.2d 885, (1991) (pill bottle); *State v. White*, 44 Wn. App. 276, 280, 722 P.2d 118 (1986) (cosmetics case).

None of these cases specifically addressed whether officers could lawfully search closed, unlocked containers. But Richards cites no cases in which a court has held that opening a closed, unlocked container during a lawful search of a purse or bag incident to an arrest is prohibited. She references *State v. Wisdom*, in which the court held that the search of an unlocked shaving kit in an arrestee's car was unlawful. 187 Wn. App. 652, 670-73, 349 P.3d 953 (2015). However, in that case the court found that the search of the car in which the shaving kit was found was not a lawful search incident to arrest. *Id.* at 672-73. Here, the search of Richards's purse was lawful.

We note the court's comment in *VanNess* that a search of a locked container may "implicate[] an arrestee's significant privacy interests" and therefore may preclude application of the search incident to arrest exception. 186 Wn. App. at 160. But the search of a closed, unlocked pouch in a purse in the arrestee's possession simply does not implicate the type of significant privacy interests that would render the search of the pouch unlawful.

We conclude that officers searching a purse or bag incident to arrest may lawfully search closed, unlocked containers within that purse or bag. Accordingly, we hold that the trial court

6

did not err in denying Richards's motion to suppress the evidence discovered in the search of the pouch in her purse.

## CONCLUSION

We affirm Richards's conviction of unlawful possession of heroin.

_____

MAXA, C.J.

We concur:

_____

MELNICK, J.

_____

GLASGOW, J.