[No. 10992–5–III.   Division Three.   July 16, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD J. MAX KLUMP, *Appellant.*

*Russell K. Jones,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Debby J. Kurbitz, Deputy,* for respondent.

MUNSON, J.—Ronald J. Max Klump appeals his conviction on two counts of possession of a controlled substance. He contends the trial court erred in failing to suppress evidence obtained in a search incident to an unlawful arrest. We reverse and remand.

On June 23, 1987, Ronald J. Max Klump, also known as John William Johnston, was issued a citation for two traffic infractions in Stevens County.[1] Whether Mr. Klump was advised to respond to the citation or to appear in court on a specific date in 1987 is unclear. It is undisputed that on September 29, 1987, the clerk of the Stevens County District Court filed a notice with the Washington Department of Licensing, pursuant to RCW 46.64.025, that Mr. Klump had failed to appear or respond to the 1987 citation. No complaint or arrest warrant has ever been issued on the 1987 failure to appear or respond.

In June 1989, during an unrelated traffic stop, the officer requested a license check with the Department of Licensing. He was advised that there was one failure to appear arising from the 1987 citation in Stevens County. Mr. Klump, again using the name John William Johnston, was arrested for that failure to appear and his vehicle was searched. Cocaine was found as a result of the search. A motion to suppress that evidence was denied and Mr. Klump was convicted of possession of a controlled substance. He appeals.

First, Mr. Klump contends that his failure to respond or appear on the 1987 citation was barred by RCW 46.64-.020(1)(e) which provides that only those notices of failure to appear or respond after July 25, 1987, are considered for

---

[1]John William Johnston was the name on Mr. Klump's driver's license at the time of his 1987 citation and when he was stopped in 1989.

purposes òf enforcement under the statute. Here, the district court clerk filed the notice after July 25, 1987, and the notice is not time barred by that section of the statute.

The trial court found the 1987 failure to appear or respond was a continuing offense which was ongoing until either the conduct ceased by the violator making an appearance or after the expiration of 5 years, when it should be removed from the record of the Department of Licensing.

Second, Mr. Klump contends failure to appear or respond is a misdemeanor subject to a 1–year statute of limitation; no criminal process having been issued before the 1–year limitation, the State is now precluded from commencing any such process.[2]

It is undenied that prior to issuance of the 1989 citation no criminal process had been issued against Mr. Klump for failure to appear or respond on the 1987 citation. RCW 46.63.060(2)(k) and RCW 46.64.020(2) both state that failure to respond to a notice of infraction as promised is a misdemeanor; RCW 46.64.020(2) goes on to state that one is guilty of a misdemeanor for failure to respond regardless of the disposition of the charge upon which he or she was originally arrested or the disposition of the notice of infraction. RCW 46.64.030 purports to govern the arrest and prosecution for violation of this charge. It relies principally on RCW 10.31.100. Nowhere in the latter statute is one permitted to arrest someone without a warrant for failure to appear or to respond.

In this case, no criminal process was outstanding at the time the officer stopped Mr. Klump in 1989. RCW 9A.04-.080(1) states: "(i) No misdemeanor may be prosecuted more than one year after its commission." It is uncontested that Mr. Klump's failure to appear once is a misdemeanor, RCW 46.63.060 and RCW 46.64.020. A criminal prosecution

---

[2]The State actually maintains there is no statute of limitation, but since the Department of Licensing does not maintain the information is available after 5 years, there probably would be no ability to enforce after 5 years.

is started in district court by complaint, CrRLJ 2.1(a)(1); citation, CrRLJ 2.1(b); or by a notice of traffic infraction, JTIR 1.2(b). Here, no process was issued for failure to appear or respond and more than 1 year had expired before Mr. Klump was arrested in 1989.

We hold the offense of failure to appear or respond is committed when the violator fails to respond within 15 days or fails to appear at a date set for a court appearance. That is the failure the Legislature addressed. There is nothing in this act to indicate the Legislature intended a continuing criminal offense. It may be that administratively the Department of Licensing maintains its administrative remedies during the 5–year period; however, that is not an issue before us.

By designating the offense a misdemeanor, and not inserting any language to indicate it shall be a continuing offense each day that the violator fails to appear or respond, the normal statute of limitation continues to run. As noted by the court in *State v. Hodgson,* 108 Wn.2d 662, 667, 740 P.2d 848 (1987), *cert. denied,* 485 U.S. 938 (1988), "[s]uch statutes of limitation are matters of legislative grace; they are a surrendering by the sovereign of its right to prosecute." If the State desires to toll the statute, it must institute criminal process. RCW 9A.04.080(3). Consequently, the offense was time barred when Mr. Klump was arrested in June 1989, more than 1 year from the date of the 1987 offense of failure to appear or respond. The statute had run.

Further, the trial court found that upon his arrest for another traffic infraction and upon learning of one failure to appear, the officer had reason to believe that Mr. Klump would not respond to that citation and he could properly place Mr. Klump under custodial arrest. It held the ensuing search was legal.

In all likelihood, the arresting officer in 1989 was not advised no process had been issued and he made the arrest for the current infraction based on Mr. Klump's failure to appear in 1987. Had process been issued, the officer had a

right to make a custodial arrest. Unfortunately here, no process had been issued, over 1 year had passed since the date of the offense, and thus the officer had no valid basis to make the arrest.

The motion to suppress has been granted.

The judgment is reversed and the case remanded for trial if the State has sufficient evidence, other than that acquired during the 1989 search, with which to proceed.

GREEN, C.J., and THOMPSON, J., concur.