82 P.3d 239 (2004)
150 Wash.2d 740
STATE of Washington, Respondent,
v.
Velda Annette GREEN, Petitioner.
No. 73783-5.
Supreme Court of Washington.
As Amended on Denial of Reconsideration March 3, 2004.
January 15, 2004.
Law Offices of Brian P. McLean, Brian McLean, Kent, for petitioner.
Gerald Horne, Pierce County Prosecutor, Patrick Hammond, Deputy, Tacoma, for respondent.
PER CURIAM.
We reverse Velda Green's conviction for possession of a controlled substance because the drugs were discovered as the result of an invalid arrest. Sheriff's deputies improperly arrested Green based only on a misdemeanor *240 she committed outside their presence.
Two Pierce County Sheriff deputies decided to stop the 1989 Mercury Sable that Green was driving because they thought the car had been sold and the purchaser had failed to transfer the title, a misdemeanor. She produced her driver's license, but when asked for the car's registration, she said she was on her way to get one. One of the deputies then asked for a bill of sale, and Green said she had borrowed the car.
The deputies placed Green under arrest for failing to transfer the title. In a search incident to this arrest, the deputies found a small quantity of cocaine in a dental floss container Green had taken from her purse.
The State charged Green with possession of a controlled substance. She sought to suppress the evidence, claiming that the deputies could not arrest her for a misdemeanor she did not commit in their presence. The trial court denied her motion. Green then stipulated to the facts and the trial court found her guilty of possession of a controlled substance.[1] The Court of Appeals affirmed. In response to Green's challenge to her arrest, the court reasoned that the title transfer misdemeanor was an ongoing crime which was thus committed in part in the deputies' presence. We disagree.
Under the common law, and since 1969 by statute, a law enforcement officer cannot generally make a warrantless arrest for a misdemeanor unless the crime is committed in the officer's presence. RCW 10.31.100; City of Tacoma v. Harris, 73 Wash.2d 123, 126, 436 P.2d 770 (1968).[2] Some offenses, for purposes of determining when they are committed, can be considered continuing offenses.
But the doctrine of continuing offenses should be employed sparingly, and only when the legislature expressly states the offense is a continuing offense, or when the nature of the offense leads to a reasonable conclusion that the legislature so intended. Toussie v. United States, 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970); accord State v. Klump, 61 Wash.App. 911, 914, 813 P.2d 131 (1991); see also 21 AM. JUR.2d Criminal Law § 298 (1998). In Toussie, for example, the defendant failed to register for the draft, and eight years later was convicted of the misdemeanor of failing to register. The prosecution argued that while the crime was committed on the first day the defendant was supposed to register, it continued each day thereafter that he failed to register and thus the statute of limitations had not run when the prosecution began. The United States Supreme Court disagreed, concluding that the failure to register at the earliest time constituted the crime, and it was not "continuing" simply because the defendant continued to fail to register.
In Klump, similarly, the defendant failed to appear for a court date, which under the circumstances constituted a misdemeanor. When officers pulled him over for an unrelated traffic offense, they discovered he had failed to appear, although no arrest warrant had been issued. The officers arrested the defendant for the misdemeanor and, in an attendant search, found some drugs. Reasoning that the statute defining the crime had no specific language that would make it a continuous offense, the Court of Appeals reversed the conviction. The court held that the evidence should have been suppressed due to the unlawful arrest, since the misdemeanor was not committed in the presence of the arresting officer. Klump, 61 Wash.App. at 914, 813 P.2d 131.
As noted, Green was arrested for failure to transfer the title to a car. A person who buys a car must apply to transfer the title within 15 days after delivery of the vehicle. RCW 46.12.101(3). If the person does not do so, he or she will be assessed $25 for the 16th day, and $2 for each day thereafter, not to exceed $100. RCW 46.12.101(6). Failure to apply for a transfer of the title within 45 days after delivery of the vehicle is a misdemeanor. RCW 46.12.101(6). The Court of Appeals cited the statutory language prescribing *241 the monetary penalty, inferred that it meant the misdemeanor was ongoing, and concluded it was thus committed in the deputies' presence.
But the statute contains no express language indicating that failure to transfer title within 45 days is a continuing offense. The subsection of the statute relied upon by the Court of Appeals simply imposes a monetary penalty on those who apply to transfer title after 15 days. Since those fees begin to accrue 30 days before failure to register becomes a misdemeanor, the fees have nothing to do with the separate subsection of the statute that creates the crime. The misdemeanor is committed only when 45 days have passed since the date of delivery of the vehicle, and is completed at that point. Green thus did not commit a misdemeanor in the presence of the arresting deputies. Her arrest and the subsequent search were unlawful.
We hold that failure to transfer title under RCW 46.12.101(6) is not an ongoing misdemeanor offense. Green's arrest was thus unlawful, and the trial court erred by not suppressing the evidence obtained as a result of that arrest. We reverse the Court of Appeals and remand with instructions to vacate Green's conviction.
NOTES
[1] Green was initially charged with failure to transfer ownership and unlawful use of drug paraphernalia in addition to the charge of possession of a controlled substance. The State subsequently filed an amended information which dropped the failure to transfer ownership and unlawful use of drug paraphernalia charges. At issue now is Green's conviction of the sole charge of possession of a controlled substance (cocaine).
[2] While there are some statutory exceptions to this rule, none applies here.