[No. 53550-1-I. Division One. June 6, 2005.]

THE STATE OF WASHINGTON, *Petitioner*, v. JERRY E. WARREN, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer L. Worley, Deputy,* for petitioner.

*Kenneth W. Fornabai,* for respondent.

¶1 ELLINGTON, A.C.J. — An amended criminal charge will relate back to the original charge for purposes of the statute

of limitations so long as it arises out of the same facts and does not substantially broaden the original charge. Here, the State charged driving under the influence. Then, after the statute of limitations had passed, the State added an alternative charge of negligent driving, arising out of the same incident. The amendment related back to the original charge and was properly permitted by the district court judge. We reverse the superior court's dismissal and reinstate judgment on the alternative charge.

## BACKGROUND

¶2 In October 1999, Jerry Warren was charged with driving under the influence (DUI). After a series of continuances, including several pending an appellate decision on breathalyzer standards, the matter went to trial in December 2001. On the first day of trial, apparently in response to a ruling suppressing postarrest evidence for violation of CrRLJ 3.1, the State moved to add an alternative charge of first degree negligent driving, based upon the same facts. By this time, the statute of limitations for negligent driving had expired.[1]

¶3 The district court permitted the amendment. Warren waived a jury trial. The court acquitted him on the DUI charge but convicted him of first degree negligent driving.

¶4 The superior court reversed, ruling that under *State v. Sutherland*[2] the amendment did not relate back to the date of the initial 1999 complaint because it broadened the original charge and was prejudicial to Warren. The State appeals.

---

[1] RCW 9A.04.080(1)(j) (State may not prosecute a misdemeanor more than one year after its commission); RCW 46.61.5249(1)(c) (first degree negligent driving is a misdemeanor).

[2] 104 Wn. App. 122, 15 P.3d 1051 (2001).

## DISCUSSION

■■ ¶5 We review the decision to allow amendment of a complaint for abuse of discretion.[3] A trial court abuses its discretion when its decision rests on untenable grounds or reasons.[4] In general, we will not find reversible error in amendment of an information unless specific prejudice is shown.[5]

■ ¶6 The timely filing of a complaint tolls the limitations period for the charges contained in that complaint.[6] The court may permit a complaint to be amended "at any time before verdict or finding if substantial rights of the defendant are not prejudiced."[7] Expiration of the limitation period for the new charge does not necessarily foreclose amendment, because an amendment generally relates back to the timely complaint "[w]henever the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."[8] This rule is limited, however, in that an amendment will be foreclosed if it operates to "broaden or substantially amend the original charges."[9]

¶7 The question before us is whether the amendment adding a charge of negligent driving impermissibly broadened the original charge of driving under the influence. Our

[3] *Stansfield v. Douglas County*, 107 Wn. App. 20, 28, 26 P.3d 935 (2001), *aff'd*, 146 Wn.2d 116 (2002).

[4] *Id.* at 29.

[5] *State v. Aleshire*, 89 Wn.2d 67, 71, 568 P.2d 799 (1977).

[6] *State v. Klump*, 61 Wn. App. 911, 914, 813 P.2d 131 (1991); *see also* RCW 9A.04.080(3).

[7] CrRLJ 2.4(f); *see also* CrR 2.1(d).

[8] CR 15(c); *see also State v. Eppens*, 30 Wn. App. 119, 123, 633 P.2d 92 (1981) (CR 15 applies to criminal proceedings).

[9] *In re Pers. Restaint of Thompson*, 141 Wn.2d 712, 729, 10 P.3d 380 (2000); *see also United States v. Grady*, 544 F.2d 598, 601-02 (1976) ("Since the statute stops running with the bringing of the first indictment, a superseding indictment brought at any time while the first indictment is still validly pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations." (Footnote omitted.)).

courts have had few occasions to consider the standards for relation back after the statute of limitations has run.

¶8 In *State v. Eppens*,[10] the potential for a longer sentence and increased stigma led Division Two of this court to hold that an amendment impermissibly broadened the original charge. Eppens falsely claimed total disability in order to receive disability benefits while working as a commercial fisherman.[11] The timely information charged first degree theft and grand larceny. The first amended information charged two counts of grand larceny: one for conduct during the summer of 1974 and another for conduct during the summer of 1975.[12] The second amended information charged four counts of grand larceny covering the summer of 1974.[13] Thus, the amendment charged in four counts what had been charged in one. Eppens was convicted as charged. Concluding that the second amendment impermissibly broadened the original charge, Division Two vacated Eppens' convictions on the added counts.[14]

¶9 In *United States v. Zvi*,[15] the Second Circuit observed: "Superseding indictments have been deemed timely when they simply added detail to the original charges, narrowed rather than broadened the charges, contained amendments as to form but not substance, or were otherwise trivial or innocuous."[16] In that case, a superseding indictment added several counts of "additional charges that alleged violations of a different statute, contained different elements, relied on different evidence, and exposed the defendants to a potentially much greater sentence." The court

---

[10] 30 Wn. App. 119, 120-21, 633 P.2d 92 (1981).

[11] *Id.*

[12] *Id.* at 121-22.

[13] *Id.* at 122.

[14] *Id.* at 125, 130.

[15] 168 F.3d 49 (2d Cir. 1999).

[16] *Id.* at 54 (citing *Grady*, 544 F.2d at 602).

held the amendment impermissibly broadened the original charge.[17]

■ ¶10 The circumstances here are easily distinguished. The original complaint charged Warren with DUI. The amendment added an *alternative* count of negligent driving, relying upon the same evidence. In answer to the court's inquiry about potential prejudice flowing from the amendment, Warren's counsel identified none, and acknowledged the amendment would not significantly alter the "tactical scope" of the defense.[18]

¶11 The amendment to add the alternative, less serious offense did not place Warren in jeopardy of multiple convictions, did not rely on different evidence, and did not create a potential for a greater stigma or penalty. The amendment did not impermissibly broaden the original charge.

¶12 In concluding otherwise, the RALJ court[19] relied not on *Eppens*, but on *Sutherland*. The analysis in *Sutherland* departed from *Eppens* significantly. In *Sutherland*, the original information was defective. The court reversed because the defendant had been convicted on an amended information filed after the statute of limitations had expired, and "there [was] no information [for the amended information] to relate back to."[20] Given this holding, it was unnecessary for the court to decide whether the amendment broadened the original charge. The *Sutherland* court nonetheless stated that an amendment adding "injury hit and run" to the originally charged "fatality hit and run"

---

[17] *Id.* at 54-55.

[18] Report of Proceedings (Dec. 12, 2001) at 63.

[19] It appears that the RALJ court was, like this court, not informed by the parties that the amendment added the second charge *in the alternative*. It is clear from the record, however, that the motion sought only to add an alternative charge. *Id.* at 62 ("Your Honor, at this point the State would move to . . . add the charge of negligent driving in the first degree, as an alternative."). The motion was granted as made.

[20] *Sutherland*, 104 Wn. App. at 134.

impermissibly broadened the original charge because the legislature treats the two offenses differently.[21]

■ ¶13 The *Sutherland* "different offense" analysis is dicta,[22] is inconsistent with *Eppens* and the federal cases, and we decline to adopt it.

¶14 Applying the test set forth in *Eppens*, we reverse the superior court and remand for reinstatement of Warren's conviction for first degree negligent driving.

COLEMAN and APPELWICK, JJ., concur.

Reconsideration denied July 8, 2005.

Review denied at 153 Wn.2d 1022 (2006).

---

[21] *Id.*

[22] *See State v. Potter*, 68 Wn. App. 134, 149 n.7, 842 P.2d 481 (1992) ("Statements in a case that do not relate to an issue before the court and are unnecessary to decide the case constitute obiter dictum, and need not be followed.").