145 P.3d 1241 (2006)
STATE of Washington, Respondent,
v.
Faye Annette HOLMES, Appellant.
No. 33637-5-II.
Court of Appeals of Washington, Division 2.
October 24, 2006.
*1242 Peter B. Tiller, The Tiller Law Firm, Centralia, WA, for Appellant.
J. Andrew Toynbee, Lewis County Prosecuting Atty. Ofc., Chehalis, WA, for Respondent.

PART PUBLISHED OPINION
ARMSTRONG, J.
¶ 1 Faye Annette Holmes appeals her convictions of possession of methamphetamine and unlawful possession of drug paraphernalia. She argues that (1) a police officer impermissibly testified that she did not answer when he asked her about methamphetamine found in her vehicle; (2) the police officer did not have authority to arrest her; (3) the trial court should have suppressed a confession she gave before the officer administered her Miranda[1] warnings; (4) her counsel was ineffective in not moving to suppress evidence the police found in a search incident to her arrest; (5) the trial court failed to enter written findings and conclusions after the CrR 3.5 hearing; and (6) cumulative error denied her a fair trial. We find no reversible error and, therefore, affirm.

FACTS
¶ 2 Mossyrock Police Officer Stamper stopped Holmes because her truck had a defective tail light and expired license tabs. As Officer Stamper contacted Holmes, he saw a mismarked and expired three-day trip permit in the truck's rear window. Officer Stamper arrested Holmes for driving with an expired and mismarked trip permit in violation of RCW 46.16.160.
¶ 3 Officer Stamper testified that, as he handcuffed Holmes, he "asked if she had anything on her that [he] needed to know about: any guns, weapons, knives, needles, anything that might stick [him] or injure [him], poke [him]." Report of Proceedings (RP) (April 28, 2005) at 21. Holmes responded that she had marijuana in her purse in the truck. At that point, Officer Stamper had not yet read Holmes her Miranda rights because "he hadn't started questioning her on anything yet." RP (April 28, 2005) at 21. Officer Stamper then read Holmes her Miranda rights, which she waived.
¶ 4 After placing Holmes in his patrol car, Officer Stamper searched the truck. In Holmes's purse, he found marijuana and a smoking device. He also found a sunglasses case in Holmes's purse that contained a spoon, a hypodermic needle, and a plastic bindle containing methamphetamine.
¶ 5 After Officer Stamper searched the truck, Holmes asked him to retrieve her medication from the truck. When Officer *1243 Stamper returned with two pill bottles, Holmes asked him to get an empty pill bottle from her truck that previously contained a prescription she had to refill. Officer Stamper did so and then took Holmes to jail. While booking Holmes, another officer found methamphetamine in the empty pill bottle.
¶ 6 The State charged Holmes with possession of methamphetamine, unlawful use of drug paraphernalia, and bail jumping. The State dropped the bail jumping charge, recharged it under a separate cause number, and Holmes pleaded guilty.
¶ 7 Holmes moved to suppress the statement that she had marijuana in her purse, arguing that she made the statement before the officer gave her Miranda warnings. After a CrR 3.5 hearing, the court denied Holmes's motion to suppress the statement, ruling that she did not make the statement in response to interrogation and that Officer Stamper did not expect her to tell him she had marijuana when he asked if she had anything that might injure him.
¶ 8 At trial, Officer Stamper testified that when he asked Holmes why she did not tell him that the bottle had methamphetamine in it, "she never replied. She just looked at me." RP (April 28, 2005) at 49.
¶ 9 Holmes testified that the sunglasses case and its contents were not hers. She said that someone had worked on her vehicle, that he probably dropped the case in her car, and that she then must have put it in her purse when she collected the purse's contents, which she had removed while retrieving her identification for Officer Stamper. She testified that she had never seen the sunglasses case before. She also testified that she did not know that the empty pill bottle contained methamphetamine.
¶ 10 The principal issues are whether Officer Stamper had authority to arrest Holmes for her traffic violation; whether his testimony that she did not answer his methamphetamine question denied her a fair trial; and whether the trial court should have suppressed her statement about the marijuana.

ANALYSIS

I. UNLAWFUL ARREST
¶ 11 Holmes argues that the court should have suppressed her marijuana statement and the evidence police obtained from the truck after arresting her because the arrest was illegal. Specifically, Holmes claims that she did not drive with an expired trip permit in Officer Stamper's presence.
¶ 12 But Holmes never moved to suppress the evidence obtained during Officer Stamper's search incident to arrest. We do not address an issue raised for the first time on appeal unless it involves a manifest error affecting a constitutional right. RAP 2.5(a)(3); State v. Easterling, 157 Wash.2d 167, 173 n. 2, 137 P.3d 825 (2006). An error is "manifest" if it had "`practical and identifiable consequences in the trial of the case.'" State v. Mills, 154 Wash.2d 1, 6, 109 P.3d 415 (2005) (quoting State v. Roberts, 142 Wash.2d 471, 500, 14 P.3d 713 (2000)). An arrest made without authority of law is invalid under article I, section 7 of the Washington Constitution. WASH. CONST. art. I, § 7; State v. Barker, 143 Wash.2d 915, 922, 25 P.3d 423 (2001).
¶ 13 Where a party asserts a Fourth Amendment argument for the first time on appeal, we will review the newly raised argument only if the record contains the facts necessary for its adjudication. See State v. Riley, 121 Wash.2d 22, 31, 846 P.2d 1365 (1993). Here, the record contains the facts necessary for us to address the merits of Holmes's challenge.
¶ 14 Holmes cites State v. Green, 150 Wash.2d 740, 82 P.3d 239 (2004), for the proposition that driving with an expired trip permit is not a continuing offense and that the actual violation occurred on the date the trip permit expired. In Green, the defendant moved to suppress drug evidence obtained during a search incident to her arrest for failure to transfer title to a vehicle. Green, 150 Wash.2d at 742, 82 P.3d 239. The court held that a defendant committed the misdemeanor of failing to transfer title only when 45 days after delivery the purchaser had still not applied for a title transfer. Green, 150 Wash.2d at 743-44, 82 P.3d 239 (citing RCW 46.12.101(6)). Thus, failure to transfer title was not a continuing offense and the crime was complete when 45 days had passed since *1244 the date of delivery of the vehicle. Green, 150 Wash.2d at 743, 82 P.3d 239. Accordingly, because the 45-day period had not elapsed before the arrest, and because the statute did not expressly provide that the offense was a continuing offense, the defendant did not commit a misdemeanor in the officers' presence and the trial court should have suppressed the drug evidence. Green, 150 Wash.2d at 744, 82 P.3d 239.
¶ 15 Green does not help Holmes. Officer Stamper arrested Holmes for driving with an expired and mismarked trip permit in violation of RCW 46.16.160. Under RCW 46.16.160(1), a vehicle owner with an expired out-of-state vehicle license registration may operate a vehicle in Washington under authority of a state-issued trip permit.[2] RCW 46.16.160(2) provides:
Every [trip] permit shall identify, as the department may require, the vehicle for which it is issued and shall be completed in its entirety and signed by the operator before operation of the vehicle on the public highways of this state. Correction of data on the permit such as dates, license number, or vehicle identification number invalidates the permit.
A violation of RCW 46.16.160 is a gross misdemeanor. RCW 46.16.160(7). The Green violation did not require operating a vehicle; the violation here did. Holmes committed the gross misdemeanor of operating a vehicle with an expired and corrected trip permit. See RCW 46.16.160(1), (2), (7). Because Holmes drove her vehicle while it had an expired and mismarked trip permit in Officer Stamper's presence, Officer Stamper lawfully arrested her. RCW 10.31.100.
¶ 16 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: BRIDGEWATER, P.J., and HUNT, J.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] Holmes's truck had expired Missouri license plates.